LOCKETT et al. v. FARMERS' STATE
BANK OF VERNON et al.
(No. 1372.)

(Court of Civil Appeals of Texas. Amarillo.
June 12, 1918.)

1. TRIAL ⬤➡352(4) — ISSUES — CONFORMITY
WITH PLEADINGS.
Where the bill alleged that two defendants on reorganization of a corporation agreed through a specific agent to pay the pre-existing debts of the corporation, submission of issues whether they or any one authorized to speak for them agreed to pay such indebtedness was erroneous.

2. CONTRIBUTION ⬤➡9(6)—JOINT NOTES—LIABILITY — PRESUMPTIONS AND BURDEN OF
PROOF.
Since it will be presumed that all the makers of a joint and several note were equally liable with each other, the burden of showing the contrary rests upon such of the makers as allege that their liability is limited and different from that of the other makers.

3. PAYMENT ⬤➡41(2)—APPLICATION.
If no application of a payment is made by debtor or creditor, the law will apply it as the justice of the case demands.

Appeal from District Court, Wilbarger County; J. A. Nabers, Judge.

Action on a note by the Farmers' State Bank of Vernon against the Farmers' Union Clearing House Company, T. J. Lockett, O. L. Sharp, Carl Dreishner, J. C. McGill, J. S. Rutledge, Joseph Schmidt, J. S. Haynes, W. A. Walker, and M. L. Childress, in which Sharp, McGill, Walker, Haynes, and Childress filed cross-action against Lockett and Rutledge. Judgment was rendered dismissing Schmidt from the case and against remaining defendants in favor of plaintiff and rights were adjusted between the codefendants. Lockett, Rutledge, and Dreishner appeal. Affirmed in part, and in part reversed and remanded.

Cook & Cook, of Vernon; and Slay, Simon & Smith, of Ft. Worth, for appellants. Bonner & Storey and Berry, Stokes & Morgan, all of Vernon, for appellees.

BOYCE, J. The Farmers' State Bank of Vernon brought this suit against the Farmers' Union Clearing House Company, T. J. Lockett, O. L. Sharp, Carl Dreishner, J. C. McGill, J. S. Rutledge, Joseph Schmidt, J. S. Haynes, W. A. Walker, and M. L. Childress on a note executed by said parties, on which there was due at the time of the judgment the sum of $4,703.49, for which amount judgment was rendered in favor of the bank against all the defendants, except Joseph Schmidt, who was dismissed. The right of the bank to recover is unquestioned; all of the individual defendants were sureties for the Farmers' Union Clearing House Company, a corporation. The issues in the case arose over the adjustment of the liability of the individual defendants among themselves. The judgment in effect provided that as to the sum of $3,439.19 the liability of the defendants, O. L. Sharp, J. C. McGill, W. A. Walker, J. S. Haynes, and M. L. Childress was secondary to that of the defendants T. J. Lockett and J. S. Rutledge, and all of the assignments except the one urged by the appellant Carl Dreishner, as hereinafter mentioned, concern the various actions of the court in the trial and determination of this issue between these two sets of individual defendants.

The controversy between the parties grows out of the reorganization of the defendant corporation, the Farmers' Union Clearing House Company. All the individual defendants were directors of the corporation after its reorganization, and signed the note of the corporation to the bank as sureties. This note was, to the extent of the said sum of $3,439.19, a renewal of an indebtedness due the bank by the corporation before its reorganization. The defendants Lockett and Rutledge were directors of the corporation prior to its reorganization, and had been sureties on the said prior indebtedness. The Farmers' Union Clearing House Company was in financial distress, and the stockholders, including the defendants Lockett and Rutledge, formed and executed a plan of reorganization for the purpose of relieving this situation. Under this plan the said stockholders were to surrender to the corporation all stock therein. $6,000 worth of stock was then to be resold in shares of $75 each, and the proceeds of the sale of such stock applied in payment of the existing indebtedness of the corporation. It seems to have been contemplated that most of the subscribers to this stock were to execute notes for the amount of stock which they agreed to purchase. The principal difference between the parties as to how this matter was to be handled is that defendants Lockett and Rutledge claim that it was contemplated that the corporation itself as reorganized was to handle the stock notes and other proceeds of the sale of the stock, and thus meet the existing indebtedness, while the other defendants claim that the directors of the corporation, prior to its reorganization, agreed and bound themselves personally to take the stock notes and proceeds of the sale of the stock and discharge the existing indebtedness and start the business with a clean slate. The jury found that the defendants Lockett and Rutledge agreed "that they would pay all the old indebtedness of the Farmers' Union Clearing House Company that existed at the

time of its reorganization," and this finding was the basis of the judgment of the court below.

The appellants Lockett and Rutledge, upon call of the case for trial, moved for a continuance to secure the testimony of F. V. Evans, and assign error upon the action of the court in overruling this motion. The appellees, Sharp, McGill, Walker, Haynes, and Childress, hereinafter referred to as cross-petitioners, upon being sued, promptly filed a cross-action against their codefendants, Lockett and Rutledge, this cross-petition being filed on August 21, 1917. In the original cross-petition it was alleged that the defendants Lockett and Rutledge, being familiar with the financial condition of the Farmers' Union Clearing House Company, of which the cross-petitioners were entirely ignorant, for the purpose of inducing the cross-petitioners to sign said notes and thus become jointly liable with the said cross-petitioners thereon, falsely represented to the said cross-petitioners the financial condition of the said corporation, assuring the said cross-petitioners that said corporation was solvent and in good financial condition, so that the cross-petitioners would never be called upon to pay any amount of said indebtedness; that the cross-petitioners were induced to sign said note by such false and fraudulent representations, upon which they relied. Wherefore they prayed for judgment over against the said Lockett and Rutledge for whatever amount they might be compelled to pay by reason of the execution of said note. On September 17, 1917, this cross-petition was amended, and in the amendments it was alleged, in addition to the allegations of false representations as contained in the original cross-petition, that the defendants Lockett and Rutledge, and their agent and representative, D. D. McCrosky, in carrying out the reorganization of said corporation, solicited the cross-petitioners and others to subscribe for and purchase stock in said corporation, and to induce such purchase agreed that they "would take the money or notes realized from the sale of said capital stock, in consideration for which they would pay all the remaining indebtedness of defendant company, and place said company on a cash basis." It appears from the motion for continuance, and was also developed upon the trial, that the said F. V. Evans had been employed to effect said reorganization and he and the said D. D. McCrosky did the active work thereof. The cross-petitioners offered evidence to the effect that, at several public meetings held for the purpose of effecting the reorganization of said corporation, it was stated that the old directors would take the proceeds of the sale of the capital stock offered and pay the existing indebtedness of the corporation. The cross-examination of a number of these witnesses develops that Evans was the principal speaker in these meetings, and the liability of the defendants on the agreement which is the basis of the judgment is dependent largely on the representations made by those speaking at these meetings. The entire record shows that Evans was very active in these reorganization proceedings, and that his testimony would be material as to the representations and agreements made to and with those who were being solicited to subscribe for stock. The allegations of the original cross-petition do not suggest that the testimony of Evans would be particularly material to the defendants Lockett and Rutledge, but the amendment set up a new cause of action, in so far as it alleged the agreement on the part of Lockett and Rutledge to discharge the existing indebtedness of the company. The motion for continuance was overruled on September 25, 1917. The motion for continuance shows, we think, reasonable diligence on the part of Lockett and Rutledge to locate the witness Evans and secure his testimony and we think the motion for continuance should have been granted.

[1] The court required the jury to find whether the defendants "T. J. Lockett and J. S. Rutledge, or any one authorized to speak for them," agreed to pay the old indebtedness of the Farmers' Union Clearing House Company. We sustain the fifth assignment to the submission of this issue in this form. McCrosky alone was charged by the pleading of the cross-petitioners with being appellant's agent in the making of such agreement, and the issue should have been confined to the allegations of the pleading. The submission of the issue in this form may not have been harmless, as there was considerable evidence as to representations, etc., made by Evans.

[2] The court submitted the following issue:

"Did the defendants Sharp, McGill, Walker, Haynes, and Childress, or either of them, agree at the time they signed the notes representing the old indebtedness that they or any of them would get behind said indebtedness on an equal basis as the old sureties? If so, which of them agreed?"

The jury in this connection were charged that the burden of proof was on the defendants Lockett and Rutledge to establish the affirmative of this issue, and appellants complain of this charge on the burden of proof. The note sued on appeared on its face to be the joint and several obligation of all the parties. The liability of the parties, in the absence of proof to the contrary, would be presumed to be as it appeared from the face of the note, and no express agreement on the part of any of the parties, as to equal liability with the others, was necessary in order for such to be the legal relation of the signers, one to the other. The very form of the submission of the issue was therefore liable to be misleading and confusing, and would be apt to be prejudicial to appellants. The cross-petitioners had the right to have the question of suretyship adjudicated in this

case, but as to the allegations of their cross-petition they assumed the attitude of plaintiff and their codefendants would be, as to such issues, defendants—the burden of proof would be on the cross-petitioners. Article 6331, R. S.; McNeese v. First National Bank of Waco, 183 S. W. 1184. The charge on the burden of proof accentuated the error already committed against the appellants in the form of the submission of this issue. Appellees rely on the case of Dullnig v. Weekes, 40 S. W. 181, as supporting this charge of the court. That case merely held that sureties might as between themselves, stand in the relation of the principal and surety, and the following was quoted as the correct rule in such cases:

"The principle on which one surety is regarded as liable as a principal to another surety is that a state of facts is shown to the court from which it appears positively or by fair and reasonable inference that such surety intended to stand in the character of principal as to subsequent signers."

This certainly does not mean that one apparently occupying a position of a cosurety on a note and seeking to have judgment over against another cosurety, on the ground that the one was really the principal and the other his surety, would not have the burden of showing such facts and circumstances as would show that such was the real relation of the parties. The court, at appellees' request, submitted the other issue as to whether Lockett and Rutledge agreed that they would pay all of the old indebtedness of the Farmers' Union Clearing House Company that existed at the time of its reorganization, to which, as we have already stated, the jury replied in the affirmative, and in the general charge the court informed the jury that the burden of proof was on the defendants, Sharp et al., to establish "their contention by a preponderance of the evidence." It is urged by the appellees that the answer to this issue is sufficient to support the judgment, and that any error in the submission of the other issue becomes immaterial. Under these circumstances we are in some doubt as to whether the case ought to be reversed on this assignment alone; and, since the question is not likely to arise upon another trial do not express a conclusion thereon.

[3] We doubt whether the pleading of the defendant Carl Dreishner was sufficient to require the judgment of the court to allow him contribution as between his cosureties to the extent of the payment made by him on the note. Bonner Oil Co. v. Gaines, 179 S. W. 687, § 6. If he occupies the same relation to the note as the other directors signing it after the reorganization, he would, under proper pleading, have been entitled to credit for the amount he has paid in discharge of said indebtedness. If no application of the payment was made by the debtor or creditor, the law would apply it "as the justice of the case demands." Rogers-Wade Furniture Co. v. Wynn, 156 S. W. 343; Phillips v. Herndon, 78 Tex. 378, 14 S. W. 857, 22 Am. St. Rep. 59. If the liability of Dreishner on the note proves to be the same as that of the cross-petitioners, it would seem equitable that in adjusting his rights the payments made by him should be so applied as to give him the right of contribution against those equally bound with him.

There are numerous other assignments which it is not necessary to mention particularly, and such assignments, except as they are otherwise disposed of by what we have said generally, are hereby overruled.

That part of the judgment which awards the Farmers' State Bank of Vernon recovery against the defendants, Farmers' Union Clearing House Company, a corporation, T. J. Lockett, J. S. Rutledge, Carl Dreishner, O. L. Sharp, J. C. McGill, W. A. Walker, J. S. Haynes, and W. L. Childress, jointly and severally for the sum of $4,703.49, with interest from date of said judgment at the rate of 10 per cent. per annum, is affirmed, but that part of the judgment which adjusts the liability of the individual defendants among themselves and provides for the manner of the issuance of the execution is reversed, and the cause is remanded for a determination of the issues of suretyship between the individual defendants. The costs of appeal will be adjudged against the cross-petitioners, O. L. Sharp and others.

Affirmed in part, and reversed and remanded in part.

HUFF, C. J., not sitting, being absent in Austin, serving on committee of judges.