M. J. COOK V. SERVICE FINANCE CORPORATION.

No. A-205. Decided November 1, 1944.
Rehearing overruled December 6, 1944.
(183 S. W., 2d Series, 436.)

212

*Russell A. Bonham* and *Mary Nan Bonham,* both of Houston, for petitioner.

Judgment for respondent (Service Finance Corporation) is not supported where the respondent pleaded an acceleration of maturity on June 28, 1943, and its own proof showed that no installments were due to it on that date or when suit was filed, it having theretofore demanded, received and accepted payment from the irregular endorser. Clarinda Trust & Sav. Bank v. Landreth, 235 S. W. 989; Houston Finance Corp. v. Stewart,. 7 S. W. (2d) 644; Van Winkle Gin & Mach. Co. v. Citizens Bank of Buffalo, 89 Texas 147, 33 S. W. 862.

*Harry J. Polk,* of San Antonio, for respondent.

MR. JUSTICE CRITZ delivered the opinion of the Court.

On December 24, 1942, M. J. Cook executed and delivered to United Amusement Company a promissory note in the principal sum of $1,500.00. This note was payable in eighteen monthly installments, beginning on January 24, 1943, and ending on June 24, 1944. The first seventeen installments are for $83.50, and the eighteenth installment is for $80.50. The above note contains a default maturity clause, which in substance provides that default in the payment of any installment thereon when due shall mature the entire note, at the option of the holder, and without notice or demand. After the execution and delivery of the above note, Service Finance Corporation became the holder thereof.

It appears that M. J. Cook paid the installments of $83.50 each due on the above note on the 24th days respectively of January, February, and March, 1943, but wholly made default in the payment of the installment due on the 24th day of April, 1943, and all subsequent installments.

On July 7, 1943, Service Finance Corporation filed this suit in the District Court of Bexar County, Texas, against M. J. Cook. In its petition in such suit, Service Finance Corporation alleges the payments and default of Cook as above detailed, and says that it has declared the unpaid balance of said note fully due and payable. In this connection, however, it appears that one J. W. Day was endorser on the note here involved, and that in response to demand by Service Finance Corporation he, Day, had paid to it all unpaid installments on this note which had matured at the time this suit was filed. It further appears that Service Finance Corporation had accepted such payments from Day at a time when it had never exercised its option to declare the upaid, unmatured installments of this note matured or due and payable.

From the statements we have made it is evident that at the time this suit was filed, and at the time Service Finance Corporation attempted to exercise its option to accelerate the due dates of the unpaid installments due on this note, there were no unpaid matured installments due to it. It is true that some of the matured installments had been paid by an endorser or party secondary liable, but, in so far as any interest of the holder, Service Finance Corporation, was involved, all past due installments had been paid. To our minds such a record will not justify a holding that Service Finance Corporation had the right to accelerate the due dates of the unpaid installments of this note.

The opinion of the Court of Civil Appeals holds that Service Finance Corporation had the right to accelerate the due dates of all unpaid installments due on this note, because of the provisions of Section 121, Article 5939, Vernon's Annotated Civil Statutes. So far as pertinent here, this statute provides: "Where the instrument is paid by a party secondarily liable thereon, it is not discharged; but the party so paying it is remitted to his former rights as regards all prior parties, and he may strike out his own and all subsequent indorsements, and again negotiate the instrument, except * * *." A reading of this statute clearly shows that it was enacted for the benefit of the party secondarily liable on a negotiable instrument, who pays the same to the holder. Fox v. Kroeger (Com. App.), 35 S. W. (2d) 679.

The opinion of the Court of Civil Appeals holds that Service Finance Corporation, as the legal holder of this entire note, had the right to accelerate the maturity dates of the installments not due, and bring suit thereon, both for the amount due it and the amount due Day, because of the provisions of Sections 51 of Article 5935, Vernon's Annotated Civil Statutes. This statute reads as follows: "The holder of a negotiable instrument may sue thereon in his own name and payment to him in due course discharges the instrument." We will not attempt a detailed construction of this statute; it is sufficient to say that, under the facts of this record, it can not be construed so as to authorize Service Finance Corporation to accelerate the maturity dates of the unpaid installments of this note, when at the time of such accerelation there were no installments past due in so far as it was concerned.

The judgments of the Court of Civil Appeals and district court are both reversed, and this cause is remanded to the district court for further proceedings.

Opinion delivered November 1, 1944.

Rehearing overruled December 6, 1944..