David **HALPENNY**, Jr., Appellant,

v.

Phillp **MALDONADO**, Appellee.

No. 14569.

Court of Civil Appeals of Texas.

San Antonio.

April 19, 1967.

Rehearing Denied May 17, 1967.

Evans & Egger, Samuel L. Egger, San Antonio, for appellant.

J. Anthony Guajardo, San Antonio, for appellee.

BARROW, Chief Justice.

This suit was brought by appellee against his co-maker on a promissory note, to recover for payments made by appellee to Groos National Bank, the payee of said note. Judgment was rendered following a jury trial, whereby appellee recovered from appellant the sum of $600.00 which the jury found was paid on the note by appellee, together with reasonable attorney's fees of $60.00.

The principal contention asserted by appellant on this appeal is that he is not liable on the note, in that it has been fully paid and is now in the possession of the co-maker. Appellant asserts that the note has been thereby discharged under Sec. 119, Subds. 1 and 5 of Art. 5939, Vernon's Ann. Civ.St. (Repealed, Acts 1965, 59th Leg. Eff. June 30, 1966.)

Appellant did not testify at the trial and the facts are largely uncontradicted. On September 6, 1963, appellee manufactured jewelry and operated a retail jewelry store. On this date he sold a matched engagement and wedding ring to appellant for $600.00. This purchase was financed through the Groos Bank in accordance with appellee's practice where a customer desired to finance a purchase of over $200.00. A promissory note, payable $29.32 monthly, was executed in the amount of $703.68, which included the principal sum, together with credit life insurance and interest. This note was co-signed by appellant and appellee, and the sum of $600.00 was then transferred by the Bank to appellee's account. After a few payments on the note were made by appellant, he and his wife separated, and he refused to make further payments for the stated reason that his wife kept the rings. Appellee made the remaining payments on the note, totaling $600.00. After the payments were completed, the Bank assigned the note to appellee without recourse and he filed this suit.

It is significant that this is a suit between the co-makers without the intervention of the rights of an innocent third party or holder in due course of the note, and there is no question of limitations. In this situation the appellee had the right to show that as between the original parties, it was intended that he be secondarily liable. The record fully supports an implied finding that appellee was only secondarily liable and that there was no intention to cancel the note. The purpose of the note was to secure financing in order that appellant could purchase rings from appellee. Unless the note was paid by appellant, appellee would receive nothing for this purchase. This intent is further evidenced by the fact that the ledger account on this note was set up by the Bank solely in the name of appellant.

Sec. 121 of Art. 5939, supra, provides in part that where the instrument is paid by a party secondarily liable thereon, it is not discharged. In Fox v. Kroeger, 119 Tex. 511, 35 S.W.2d 679, 77 A.L.R. 663 (1931), the Supreme Court construed §§ 119 and 121 of the Negotiable Instruments Act together, and held that payment by the principal debtor or by the party accommodated discharges the instrument, but payment by a party secondarily liable does not discharge or extinguish the debt. See also, Cook v. Service Finance Corp., 143 Tex. 211, 183 S.W.2d 436 (1944); Garza v. Resendez, Tex.Civ.App., 251 S.W.2d 747, no writ; First Nat. Bank of Ft. Worth v. Brown, Tex.Civ.App., 172 S.W.2d 151, writ

ref'd w. o. m.; 9 Tex.Jur.2d, Bills and Notes, § 213.

The judgment of the trial court is supported by the implied finding that the parties to the note intended that appellee be secondarily liable thereon and that the note was not discharged by appellee's payment of same.

The judgment is affirmed.