**T. M. SHEARER, Sr., Appellant,**

v.

**J. C. MITCHELL, Appellee.**

**No. 260.**

Court of Civil Appeals of Texas.

Corpus Christi.

Aug. 31, 1967.

Polk Hornaday, Harlingen, for appellant.

Arthur A. Klein, Harlingen, for appellee.

## OPINION

SHARPE, Justice.

This appeal is from a summary judgment rendered in favor of appellee Mitchell, plaintiff below, against appellant Shearer, defendant below.

Appellant by two points asserts in substance that the trial court erred in rendering summary judgment (1) without first passing upon his dilatory pleas, and (2) because material issues of fact were presented. Appellee by two counterpoints asserts that the summary judgment was proper because: (1) appellant failed to file a sworn affidavit controverting plaintiff's motion for summary judgment, and (2) there were no questions or issues of fact which would preclude summary judgment. These points and counterpoints present the usual summary judgment questions as to whether the movant, appellee here, has established "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 166–A, Texas Rules of Civil Procedure.

We have concluded that the summary judgment should not have been granted for the reasons hereinafter stated.

The transcript in this case, which includes the summary judgment evidence, reflects the following:

On February 21, 1966, appellee filed his original petition in which he sought recovery against appellant on a promissory note payable to First Victoria National Bank, Victoria, Texas, a copy of which was attached to the petition. The note was signed by (1) Frank's Credit Clothiers, Inc., by T. M. Shearer, President, (2) by T. M. Shearer, individually (appellant here), and (3) by J. C. Mitchell, individually (appellee here). Aside from the commencement, allegations concerning attorney's fees and the prayer, Mitchell's petition reads as follows:

"I

"That on or about January 14, 1964, FRANK'S CREDIT CLOTHIERS, INC., a corporation of which T. M. SHEARER, SR. was President, executed to the First Victoria National Bank, Victoria, Texas, a certain promissory note in the principal sum of Eleven Thousand Six Hundred Eighty-Six and 11/100th Dollars ($11,686.11) payable in installments of One Hundred Dollars ($100.00) each, weekly, including interest, beginning January 28, 1964. Said T. M. SHEARER, SR. individually signed said note and J. C. MITCHELL endorsed said note.

"II

"That on February 3, 1966, J. C. MITCHELL was forced to pay Nine Thousand Seven Hundred Ninety Eight and 13/100ths Dollars ($9,798.13) unpaid balance, including interest, on said note, and said note was assigned to J. C. MITCHELL without recourse on the First Victoria National Bank, Victoria, Texas, and that said J. C. MITCHELL is now the owner and holder of said note and prays ten percent (10%) interest on all delinquent payments, a thermofax copy of said note being attached hereto, marked Exhibit 'A' and made a part of this Petition."

On March 22, 1966, Shearer filed an original answer, consisting of a general denial.

On April 14, 1966, Mitchell filed motion for summary judgment, which was solely based upon the ground that Shearer's original answer was insufficient as a matter of law and failed to assert any defense to Mitchell's cause of action. The motion reasserted that Mitchell was an "endorser" of the note.

On April 19, 1966, Shearer filed an amended answer which contained various pleas, including a number of dilatory pleas

as well as pleas in bar. The dilatory pleas included pleas in abatement, of mis-joinder and nonjoinder of parties, and special exceptions. The pleas in bar included general denial and a sworn denial of various matters, including Paragraph V., reading as follows:

"Further, but subject in all things to the foregoing Pleas and exceptions and still relying thereon this defendant shows that the subject matter of Plaintiff's Suit and especially the so-called Note in Plaintiff's Exhibit 'A' is involved in long and complicated series of transactions, contracts and agreements between Plaintiff and this Defendant. Defendant shows that he, the defendant, has paid more than $4400.00 toward the liquidation of the so called Note and that the balance due thereon in a somewhat excess of $5000.00 plaintiff was obligated to pay and should have paid. However the said plaintiff was not forced to pay the balance due on said note, but voluntarily paid the same, in the manuever used to make plausible a claim against this defendant. This defendant denies that he is liable for any amount on the said alleged Note, Plaintiff alleges Plaintiff was forced to pay."

On April 28, 1966 (the day before the hearing on the motion for summary judgment) Mitchell filed his affidavit, a copy of which was received by counsel for Shearer on the same day. Omitting formal portions, the said affidavit reads as follows:

"My name is J. C. MITCHELL. I am Plaintiff in the above entitled and numbered cause. I am over the age of twenty-one years, and have never been convicted of a felony and am competent to testify to the matters stated herein.

"On or about January 14, 1964, I endorsed a note for $11,686.11 payable to the order of FIRST VICTORIA NATIONAL BANK, VICTORIA, TEXAS, for FRANK'S CREDIT CLOTHIERS, INC., and T. M. SHEARER, SR. This note bears interest at 6½% from date

and at 10% interest after maturity and provides for 10% attorney's fees.

"T. M. SHEARER, SR., received the money or consideration for the loan of $11,686.11. This note was paid down to $9,798.13 as of February 1, 1966, and on February 3, 1966, as endorser, I had to pay the note off and received an assignment from the FIRST VICTORIA NATIONAL BANK, VICTORIA, TEXAS, of the note and I am now the owner and holder of said note.

"The original note and credits are attached hereto and made a part of this affidavit.

"I am asking judgment against T. M. SHEARER, SR. for $9,798.13 as FRANK'S CREDIT CLOTHIERS, INC. has made an assignment for the benefit of creditors and is insolvent.

"Said note provides for 10% attorney's fees, which I feel is reasonable and is customary and provides for 10% interest after maturity."

On April 28, 1966, Shearer filed a separate reply to Mitchell's motion for summary judgment which contained an affidavit made on the basis of personal knowledge. A part of such reply to the motion for summary judgment was Shearer's amended answer, which was fully set out therein, and was referred to and included in the affidavit of Shearer. Shearer's reply, and all of the matters contained therein, thus became a counter-affidavit in opposition to the granting of a summary judgment for Mitchell.

On April 29, 1966, the trial court rendered summary judgment for Mitchell as prayed for by him; the written judgment being signed for entry on May 2, 1966.

Our examination of the transcript herein has disclosed that it probably does not completely show all of the note attached to the affidavit of J. C. Mitchell filed in the trial court on April 28, 1966, hence we ordered that the original note and its attachments be

sent to us for inspection under Rule 379, T.R.C.P. The same is now before us as a part of the record and the following appears therefrom. The note is printed on the front side of an envelope. The back side contains a list of credits, apparently of interest. Attached to the back of the envelope by scotch tape is a separate sheet apparently containing a list of further credits of interest. Also on the back of the envelope are some typewritten notations showing that the note is a new one (apparently a renewal of various items) as follows:

| | |
|---|---|
| "Principal ............... $ | 8001.72 |
| Interest ............... | 494.39 |
| Deposit ............... | 3190.00 |
| Total new note | $11,686.11" |

On the front of the note, on the right hand side, there are columns with entries apparently showing credits to principal, which are continued on two small separate sheets attached by scotch tape on top of the right hand side of the note. The top one of these sheets shows an assignment from the bank (without recourse) to Mitchell. On the inside of the envelope there are three separate small sheets each headed "extension agreement." These are dated 10–27–64, January 29, 1965 and July 15, 1965. Each of these three extension agreements is signed by J. C. Mitchell and by the Vice-President and Cashier of the bank. The other joint makers of the note (Frank's Credit Clothiers and Shearer) did not sign such extension agreements. The credits on the note show $2,466.36 paid on the principal and $957.70 on interest, aggregating $3424.06. Shearer swore in his amended answer and counter affidavit that he had paid more than $4400.00 in liquidation of the note.

In the case of Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 46 (Tex.Sup., 1965) the court summarized the basic summary judgment rules as follows:

"This is a summary judgment case; and in answering the above question, we must follow certain rules laid down by this Court. Rule 166–A, Texas Rules of Civil Procedure, provides that summary judgment shall be rendered if it is shown that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. Tigner v. First Nat'l Bank, 153 Tex. 69, 264 S.W.2d 85 (1954); Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952). In other words, the evidence must be viewed in the light most favorable to the party opposing the motion. Valley Stockyards Co. v. Kinsel, 369 S.W.2d 19 (Tex.Sup.1963); Smith v. Bolin, 153 Tex. 486, 271 S.W.2d 93 (1954). If the motion involves the credibility of affiants or deponents, or the weight of the showings or a mere ground of inference, the motion should not be granted. All conflicts in the evidence are disregarded, and the evidence which tends to support the position of the party opposing the motion is accepted as true. Cowden v. Bell, 157 Tex. 44, 300· S.W.2d 286 (1957); Smith v. Bolin, supra; Gulbenkian v. Penn, supra. Evidence which favors the movant's position is not considered unless it is uncontradicted. If such uncontradicted evidence is from an interested witness, it cannot be considered as doing more than raising an issue of fact, unless it is clear, direct and positive and there are no circumstances in evidence tending to discredit or impeach such testimony. Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904 (1943). This exception is especially true where the opposite party has the means and opportunity of disproving the testimony, if it is not true, and fails to do so. Valley Stockyards Co. v. Kinsel, supra; James T. Taylor & Son, Inc. v. Arlington Ind. School Dist., 160 Tex. 617, 335 S.W.2d 371 (1960); Owen Dev. Co. v. Calvert, 157 Tex. 212, 302 S.W.2d 640 at 642 (1957); McGuire v. City of Dallas, 141 Tex. 170, 170 S.W.

2d 722 (1943); Simonds v. Stanolind Oil & Gas Co., 134 Tex. 332, [114 S.W.2d 226,] 136 S.W.2d 207 (1940). After all the evidence has been sifted in this manner, the Court must determine whether the movant is entitled to a judgment as a matter of law."

In Reed v. Buck, 370 S.W.2d 867 (Tex. Sup., 1963) a promissory note payable to Stelfox was signed by Shine and Buck in the capacity of makers. Stelfox assigned the note to Reed who, upon non-payment of same sued Buck alone. The trial court rendered judgment for Reed holding among other things that Reed was an accommodation maker and could sue Buck without joining Shine. On Buck's appeal, the Court of Civil Appeals reversed the judgment and remanded the cause for another trial. The Supreme Court reversed the judgment of the Court of Civil Appeals and remanded the case to that court for consideration of points not passed upon by it involving contentions relating to factual insufficiency of trial court findings. The Supreme Court held among other things "that when a party signs a note in the capacity of a maker, the payee (or one standing in the shoes of a payee) may sue such maker singly and proceed to judgment upon the note without joining in the suit another or others who may also appear upon the note as co-makers." The court emphasized that "[t]he question was one of parties." At page 871 of the opinion the Court said:

"From a procedural standpoint, the rule is highly practical which permits a note creditor to sue a debtor in the contractual capacity which the debtor assumed at the time the obligation was made. *Substantial fact issues may develop in cases similar to this, where one signing as a maker claims to be a surety.* Examples of these questions may be given: Is the holder of the note a holder in due course? Is the person who signed as a maker actually a guarantor or surety? It is not an efficient procedure which requires a determination of fact issues in order to decide a problem of parties. In some instances, the settlement of such issues cannot be avoided, but in the circumstances now under consideration, it may be avoided—and without serious detriment to the accommodation maker. * * *" (italics supplied).

Reed v. Buck, supra, did not involve a plaintiff who was one of the original co-makers of the note seeking recovery against another co-maker, as in the case here. There the plaintiff was connected with the transaction only as the assignee of the original payee and he sought recovery only against one co-maker. Here, Mitchell seeks a recovery which is dependent upon his legal relationship with Shearer, as between themselves, and not upon their liability to a third person payee. The settlement of the issues between Mitchell and Shearer, therefore, cannot be avoided. They are directly presented.

In 9 Tex.Jur.2d, Bills and Notes, § 294, pages 324, 325, the following statement appears:

"Since agreements between joint makers in no way affect the right of a payee or holder to recover, in the absence of notice thereof,[18] evidence is ordinarily inadmissible in a suit by a payee to prove agreements between the makers that did not affect the rights of the payee.[19] But as between themselves,[20] or as against a payee with notice,[1] or his estate,[2] one or several of the joint makers may show the real character of their undertaking."

The cases cited in footnotes 20, 1 and 2 are Erwin v. DuPont (E. I.) De Nemours Powder Co., 156 S.W. 1097 (Tex.Civ.App. Dallas, 1913, n. w. h.); Lockett v. Farmers' State Bank, 205 S.W. 526 (Tex.Civ.App., Amarillo, 1918, n. w. h.); Guaranty State Bank of New Braunfels v. Kuehler, 114 S.W.2d 622 (Tex.Civ.App., Austin, 1938, wr. ref.); and First Nat. Bank of Fort Worth v. Brown, 172 S.W.2d 151 (Tex.Civ.App., Ft. Worth, 1943, wr. ref., w. o. m.).

■ In the case of Lockett v. Farmers' State Bank, 205 S.W. 526, 527 (Tex.Civ. App., Amarillo, 1918, n. w. h.), the Court held:

"* * * The note sued on appeared on its face to be the joint and several obligation of all the parties. The liability of the parties, in the absence of proof to the contrary, would be presumed to be as it appeared from the face of the note, and no express agreement on the part of any of the parties, as to equal liability with the others, was necessary in order for such to be the legal relation of the signers, one to the other. * * *"

In *Lockett*, the Court also reiterated the rule that in the situation above set out where the face of the note showed the parties to be joint and several makers, a party claiming to be a surety had the burden of proof as to such contention.

In the case of Durham v. McDowell, 265 S.W. 425, 426, (Tex.Civ.App., El Paso, 1924, n. w. h.) the Court said:

"The relation of principal and surety is always a matter of agreement between the parties, expressed in terms or implied by their conduct or the circumstances. The relation never arises by mere operation of law, but is the result of an express agreement between the parties, or a contract which may be fairly implied from the situation in which the parties have intentionally placed themselves. 1 Brandt on Suretyship (3d Ed.) § 1."

■ The only allegations in Mitchell's petition and the only statements in his affidavit, bearing upon his relationship with Shearer are as follows: In his petition, Mitchell alleges he "endorsed said note." In his affidavit, Mitchell states that "I endorsed a note" for the other two makers, and " * * * as endorser, I had to pay the note off." Mitchell does not allege in his petition that he was a surety, an accommodation maker or a guarantor. Nor does he state any facts in his affidavit which would furnish the basis for any of such relationships with Shearer. On the oral argument of the case in this Court, counsel for appellee contended that Mitchell was a surety.

■ In the recent case of Crain v. Davis, 417 S.W.2d 53 (Tex.Sup.1967), our Supreme Court reversed a summary judgment and remanded the cause for trial. The Court held in part as follows:

"We turn now to the sufficiency of Respondents' motion for summary judgment and the supporting affidavits attached to such motion. It is self-evident that the affidavits which were filed in support of the motion for summary judgment do not meet the requirements of Rule 166-A, Texas Rules of Civil Procedure, that the affidavits shall set forth such facts as would be admissible in evidence. The statements contained in the affidavits are but mere conclusions of the affiants and, therefore, would not be admissible. The facts stated in an affidavit given in support of a motion for summary judgment must be so worded that if the testimony were given from the witness stand during the trial it would be admissible. Statements contained in affidavits offered to support a motion for summary judgment that are but mere conclusions are insufficient to warrant the entry of such a judgment. 'In ruling on a motion for summary judgment only admissible testimony having probative force is to be considered.' See Box v. Bates, Sup.Ct. (1961), 162 Tex. 184, 346 S.W.2d 317, McDonald, Texas Civil Practices § 17.26.2; Bates v. Smith, 155 Tex. 443, 289 S.W.2d 215 (1956)."

We believe the rules stated in Crain v. Davis to be applicable here.

■ When we examine the note (the original of which was attached to Mitchell's affidavit) Mitchell is shown on the face thereof to be a joint maker. Under the terms of the note he is liable as a principal,

jointly and severally with the other makers. Mitchell's statement in his affidavit that he was an "endorser" conflicts with the note concerning the capacity in which he signed the same. When we apply summary judgment rules as above stated, we must view the evidence in the light most favorable to the party opposing the motion and resolve the conflict as to the existence of genuine issues of material fact in favor of Shearer.

Mitchell's affidavit does not state facts showing the actual arrangement or agreement, if any, which existed between him and Shearer as to their respective liabilities for payment of the note. It does not set out facts which would establish that as between them Shearer owed the entire amount of the note instead of being liable for only part of it. Absent such facts, we are presented with genuine issues of material fact concerning the equal liability of Mitchell along with the other makers for payment of the note. Mitchell particularly failed to establish facts which would show that he was a surety, as was contended here on oral argument.

Furthermore, Mitchell was an interested witness. The statement in his affidavit that he was an "endorser" is a conclusion unsupported by facts. It is not the kind of clear, direct and positive evidence which is required to conclusively establish material facts under summary judgment rules, particularly when considered along with the note relied upon by him, which discredits such statement.

Summarizing, the fact that Mitchell became the owner and holder of the note (because of indorsement without recourse of the original payee) does not, standing alone, establish his right to recover from Shearer the full amount owing on it, where the note on its face shows that Mitchell and Shearer signed the note individually, were joint makers, and jointly and severally liable as principals to the original payee. Mitchell was required to establish by proper summary judgment evidence the facts

which would support his asserted right to recover against Shearer under applicable law and he failed to do so. Summary judgment should have been denied on this ground, and, in any event on the ground that Shearer's counter affidavit was sufficient to demonstrate existence of material fact issues as between him and Mitchell, and that Mitchell was not entitled to recover as a matter of law.

By Shearer's separate sworn reply to Mitchell's motion for summary judgment, his special exceptions and the other pleas contained therein became a part of his defense to the requested action. One of these defenses related to Mitchell's allegation that he was an "endorser". Shearer pointed out that the face of the note showed Mitchell to be an original signer, individually; and stated that if Mitchell would be entitled to recover, the same would be on a pro-rata basis, or for contribution. In addition to these matters, Shearer stated that he had paid more than $4400.00 on the note and that Mitchell was obligated to pay and should have paid in excess of $5000.00 on the liquidation of it. Shearer also stated that Mitchell was not forced to pay the balance of the note but did so voluntarily, and that "plaintiff should be required to allege facts and circumstances so that the court or jury might determine whether or not plaintiff was forced to pay."

Mitchell's position here is largely based upon Shearer's alleged failure to file a sworn affidavit which would show the existence of fact issues. This position is not well taken. To the extent that Shearer's said reply to the motion for summary judgment contains proper statements showing the existence of material fact issues or that Mitchell was not entitled to judgment as a matter of law, we can consider the same as part of the summary judgment record. In this connection we note that in the trial court Mitchell did not file objections or exceptions to Shearer's reply to the motion for summary judgment or his counter affidavit which included

his amended answer. See Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230, 234 (Tex.Sup.1962); Hall v. Fowler, 389 S.W.2d 730, 733 (Tex.Civ.App., Dallas, 1965, n. w. h.). In the last cited case the court said:

"As we pointed out in Lotspeich v. Chance Vought Aircraft, Tex.Civ.App., 369 S.W.2d 705, 710–711, wr. ref. n. r. e., objections to the form of affidavits supporting or opposing motions for summary judgment should be raised in the trial court and an opportunity given for the correction of the defects, and failure to do so, as authorized by Rule 90, T.R.C.P., constitutes a waiver of the objections. See also Employers Mutual Casualty Co. v. Lee, Tex.Civ.App., 352 S.W.2d 155, 157, no wr. hist."

In the case of In Re Price's Estate, 375 S.W.2d 900, 904 (Tex.Sup.1964), our Supreme Court held as follows:

"The summary judgment rule, 166–A, has been somewhat strictly construed against the movant. It has been held that the courts should accord the party resisting the summary judgment more indulgence. Whelan v. State, Tex.Civ. App., (1952) 252 S.W.2d 271. The purpose of the rule is to eliminate patently unmeritorious claims, or untenable defenses and to avoid delays of trial where there is no genuine issue of fact. It was never intended to deprive litigants of their right to a full hearing on the merits of any real issue of fact. The summary judgment is to be applied with caution and will not be granted where there is doubt as to the facts. Athough the prompt disposal of judicial business is greatly to be desired, that is not the main objective. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929."

In Whelan v. State, 252 S.W.2d 271, 273 (Tex.Civ.App., Texarkana, 1952, n. w. h.) cited with approval by the Supreme Court in the case of In Re Price's Estate, supra, the Court said:

"In ascertaining from the record if a genuine issue of a material fact is presented the provisions of Rule 166–A 'should be temperately and cautiously applied'. Kaufman v. Blackman, Tex.Civ. App., 239 S.W.2d 422, 428. And as stated in 22 Texas Law Review, p. 438, 'It is historical that in administering summary judgment practice, the courts have been inclined to be critical of the showing made by the moving party. Customarily he is held strictly to a conclusive showing that no fact issue exists and that he is entitled to judgment without further delay. Conversely, the courts accord the resisting party considerably more indulgence; the motion will be denied if it appears that a substantial fact issue may exist, regardless of informalities or defects in the resisting party's papers.' See also King v. Rubinsky, Tex.Civ.App., 241 S.W.2d 220, and decisions there discussed. The application of this rule to the record here leads to the conclusion that defendants were entitled to a hearing on the merits of their claim asserted."

◼ The form of Shearer's reply to the motion for summary judgment may be unusual, but when the same is considered in the whole context of the case, and particularly along with the deficiencies of Mitchell's affidavit in support of the summary judgment, Shearer's reply should be held sufficient to prevent summary judgment. We do not believe that Shearer's contentions concerning the non-joinder or mis-joinder of parties would alone be a defense to the motion for summary judgment, if it had been properly supported by evidence. However, many of Shearer's sworn statements in his other pleas and exceptions constitute proper defensive matter to the granting of summary judgment and should have been considered by the trial court along with Mitchell's affidavit.

In the recent case of Halpenny v. Maldonado, 415 S.W.2d 16 (Tex.Civ.App., San Antonio, 1967, n. w. h.), Maldonado

sued Halpenny, his co-maker on a promissory note, to recover payments made by Maldonado to Groos National Bank, the payee of said note. The jury found that Maldonado paid $600.00 on the note and he was awarded a recovery of that amount plus attorney's fees of $60.00. We quote from the opinion in part, as follows:

"Appellant did not testify at the trial and the facts are largely uncontradicted. On September 6, 1963, appellee manufactured jewelry and operated a retail jewelry store. On this date he sold a matched engagement and wedding ring to appellant for $600.00. This purchase was financed through the Groos Bank in accordance with appellee's practice where a customer desired to finance a purchase of over $200.00. A promissory note, payable $29.32 monthly, was executed in the amount of $703.68, which included the principal sum, together with credit life insurance and interest. This note was co-signed by appellant and appellee, and the sum of $600.00 was then transferred by the Bank to appellee's account. After a few payments on the note were made by appellant, he and his wife separated, and he refused to make further payments for the stated reason that his wife kept the rings. Appellee made the remaining payments on the note, totaling $600.00. After the payments were completed, the Bank assigned the note to appellee without recourse and he filed this suit.

"It is significant that this is a suit between the co-makers without the intervention of the rights of an innocent third party or holder in due course of the note, and there is no question of limitations. In this situation the appellee had the right to show that as between the original parties, it was intended that he be secondarily liable. The record fully supports an implied finding that appellee was only secondarily liable and that there was no intention to cancel the note. The purpose of the note was

to secure financing in order that appellant could purchase rings from appellee. Unless the note was paid by appellant, appellee would receive nothing for this purchase. * * *"

The Court of Civil Appeals affirmed the judgment of the trial court on the ground that it was supported by an implied finding that the parties to the note intended that Maldonado be secondarily liable thereon, and that the note was not discharged by Maldonado's payment of same to the payee. The court reiterated the rule under the negotiable Instruments Act (now repealed, but in effect at the time of the transaction in *Halpenny*, as well as in the instant case), as follows:

"* * * that payment by the principal debtor or by the party accommodated discharges the instrument, but payment by a party secondarily liable does not discharge or extinguish the debt. * * *" (citing cases).

It thus appears that although Maldonado had received the money from the payee of the note, nevertheless, he was only secondarily liable and was entitled to recover from Halpenny, his co-maker on the note, because of the facts pleaded and proved by Maldonado under the applicable rules of law. However, in the cited case, the underlying facts which establish the relationship between Halpenny and Maldonado were proved so as to show that Maldonado was not simply a co-maker but that he was actually, as between him and Halpenny, only secondarily liable.

In our case, the allegations or statements by Mitchell that he was an endorser, that Shearer "received the money or consideration for the loan of $11,686.11" and that Mitchell "had to pay the note off" in the absence of factual explanation and without any showing that Mitchell had not benefited or had not received any consideration, were not sufficient to establish that Mitchell was an indorser, surety, accommodation maker or guarantor. On the oral argument of this case counsel

for Mitchell stated in substance that the note in question was a part of a transaction whereby Shearer or his corporation purchased a clothing store from Mitchell for $11,686.11; that the money for such purchase was borrowed from the bank, and that Mitchell put up some collateral as security. Aside from a reference in the note as to collateral, there is nothing in the summary judgment record before us to show the overall nature of the business transaction involved. Although it may be possible for Mitchell to show that he is only secondarily liable on the note and to recover from Shearer on a factual showing similar in nature to that in Halpenny v. Maldonado, such a showing has not been made on the summary judgment record now before us.

It appearing from the foregoing discussion that appellee Mitchell, the movant for summary judgment, has failed to carry his burden of establishing that there is no genuine issue as to any material fact and that he was entitled to judgment as a matter of law, the judgment will be reversed and the cause remanded.

Reversed and remanded.

## DISSENTING OPINION

NYE, Justice.

I respectfully dissent.

This is a suit on a promissory note brought by the owner and holder of the note against one of the makers. Although the defendant had every opportunity to properly oppose the granting of the summary judgment and inject by affidavit any defense he might have, he failed to show the existence of a dispute as to a fact on a controlling issue.

J. C. Mitchell sued T. M. Shearer, Sr. to recover the unpaid balance on a note for past due interest and attorney fees, alleging that $9798.13 was the unpaid balance due.

The trial court granted plaintiff's motion for summary judgment. Plaintiff alleged that on or about January 13, 1964 a corporation by the name of Frank's Credit Clothiers, Inc., of which T. M. Shearer, Sr. was President, executed a promissory note in the amount of $11,686.11 to the First Victoria National Bank, Victoria, Texas, payable in weekly installments of $100.00 per week including interest, payments to begin January 28, 1964. Plaintiff alleged in his petition and again as a part of his sworn motion for summary judgment that defendant T. M. Shearer, Sr. individually signed the note and that plaintiff J. C. Mitchell endorsed said note. Plaintiff further alleged that on February 23, 1966 he was forced to pay $9798.13, the unpaid balance of said note including interest; that the note was assigned to him, J. C. Mitchell without recourse on the First Victoria National Bank of Victoria, Texas and that he, J. C. Mitchell was the owner and holder of said note. The defendant filed a general denial. Subsequently, plaintiff Mitchell filed his affidavit which set forth the essential proofs which would entitle him to summary judgment. They are (1) that he was the owner and holder of the note, (2) that certain payments had been made with certain credits properly allowed, (3) that a sworn copy of the original note was attached and made a part of the affidavit and (4) that the sum of $9798.13 was due and owing. See Southwestern Fire & Casualty Co. v. LaRue, 367 S.W.2d 162 (Tex.Sup.1963), dissenting opinion by Chief Justice Calvert at page 168 (case not decided on this point). Defendant filed a general denial followed by a verified answer to the summary judgment and not a reply affidavit. This would not satisfy the requirement as to affidavits on summary judgments. Rule 166–A T.R.C.P. In addition to the foregoing, the defendant as a part of the same answer filed numerous exceptions to plaintiff's original pleadings, none of which were sworn to. On page five of this pleading, defendant did file an affidavit stating that he had read the foregoing "paragraph number V" and that said paragraph is "true and cor-

rect." This was sworn to before a notary public. Paragraph V is as follows:

"Further, but subject in all things to the foregoing Pleas and exceptions and still relying thereon this defendant shows that the subject matter of Plaintiff's Suit and especially the so-called Note in Plaintiff's Exhibit 'A' is involved in long and complicated series of transactions, contracts and agreements between Plaintiff and this Defendant. Defendant shows that he, the defendant, has paid more than $4400.00 toward the liquidation of the so called Note and that the balance due thereon in a somewhat excess of $5000.-00 plaintiff was obligated to pay and should have paid. However the said plaintiff was not forced to pay the balance due on said note, but voluntarily paid the same, in the manuever used to make plausible a claim against this defendant. This defendant denies that he is liable for any amount on the said alleged Note, Plaintiff alleges Plaintiff was forced to pay."

The above statement is couched in legal conclusions, vague and unclear language, evidencing an attempt apparently, to show some past condition or agreement relating to the payment of a delivered instrument. The language would tend to vary by parol the terms of the written instrument. Such statements would not be admissible in evidence upon a trial of the case. Shepherd v. Erickson, 416 S.W.2d 450 (Tex.Civ.App. —Houston 1967) and cases cited therein.

Appellant's first point is that the court erred in rendering summary judgment on the pleadings without having passed upon defendant's appellant's plea in abatement, misjoinder and non-joinder of parties and without ruling upon defendant's appellant's special exceptions to plaintiff's original petition. This point is multifarious and should be overruled. Rule 4, Tex.R.Civ.P.; see Appellate Procedure in Texas, Section 12.4(4) and the collection of cases cited therein; Johnson-Sampson Const. Co. v. W & W Waterproofing Co., 274 S.W.2d

926 (Tex.Civ.App.—Amarillo 1953, n. r. e.). In passing, however, none of defendant's exceptions were defenses that would have any merit unless sworn to in accordance with the requirements of Rule 93 Tex.R. Civ.P. Similarly, Rules 94 and 95 Tex.R. Civ.P. provide that other affirmative defenses must be affirmatively plead. On the other hand plaintiff's proof in the form of an affidavit with a sworn copy of the note attached was sufficient to make out his case. Defendant's defensive facts, if any, must be sworn to in order to defeat the motion for summary judgment. See Southwestern Fire & Casualty Co. v. LaRue, supra, at page 163. It has been repeatedly held by our courts that where the moving party's adversary filed no counter affidavit, and made no showing other than that stated in his pleadings nor made any showing to the effect that affidavits on his behalf were unavailable, such adversary has in effect admitted the sworn facts as alleged by movant's affidavits to be true. See this Court's opinion in Usher v. Glass, Sorenson & McDavid Insurance Co., 409 S.W. 2d 880 (Tex.Civ.App.—Corpus Christi 1966, n. r. e.); Hill v. Caparino, 370 S.W. 2d 760 (Tex.Civ.App.—Houston 1963, n. w. h.); Gray v. Storey, 383 S.W.2d 487 (Tex.Civ.App.—Fort Worth 1964, n. w. h.); Futch v. Greer, 353 S.W.2d 896 (Tex.Civ. App.—Amarillo 1962, ref. n. r. e., certiorari denied 372 U.S. 913, 83 S.Ct. 728, 9 L.Ed.2d 721, 1962).

Appellant contends in his second point that the trial court erred in rendering summary judgment when there were issues of fact raised by the pleadings. The defendant's pleadings do not have the same effect of raising a fact issue when tested along side the plaintiff's sworn motion, his affidavit and the promissory note which was introduced into evidence. Plaintiff Mitchell alleged that Frank's Credit Clothiers was insolvent; that he executed the note as an indorser; that he had the note in his hands and introduced the same into evidence, all of which was sufficient to make out a prima facie case. See Negoti-

able Instruments Act, Art. 5932, Tex.Rev. Civ.Stat.Ann., Sec. 17, para. 6; Art. 5936, Tex.Rev.Civ.Stat.Ann., Sec. 60. Defendant's one paragraph which was sworn to by reference, is all that could have been considered by the trial court as a defense to the note. In my opinion it does not meet the requirements of subdivision (e) of Rule 166–A, Tex.Rev.Civ.Stat.Ann. It does not raise an issue of material fact with sufficient particularity so that treating such statement as sworn testimony it still does not contradict any material fact shown by the plaintiff's motion, affidavit and note.

The defendant did not deny the execution of the note but concedes this fact in his brief. He does not plead any of the affirmative defenses including payment, fraud, etc. under Rule 94.

If it can be said that defendant is contesting plaintiff's legal capacity to sue or that the plaintiff is not entitled to recover in the capacity in which he sues, plaintiff's pleadings do not meet the test of Rule 93 which requires that the same be sworn to by the defendant. It is observant that the appellant has not plead any specific payment in any form. Under Rule 95, payment is an affirmative defense which requires that the defendant file his account stating directly the nature of such payment, and the several items thereof; " * * failing to do so, he shall not be allowed to prove the same, unless it be so plainly and particularly described in the plea as to give the plaintiff full notice of the character thereof." Defendant's one paragraph sworn statement most of which consisted of conclusions, does not raise any fact issue so as to preclude the granting of summary judgment for appellee. Smith v. Crockett Production Credit Association, 372 S.W.2d 956 (Tex.Civ.App.—Houston 1963, n. r. e.). See also Hall v. Fowler, 389 S.W. 2d 730 (Tex.Civ.App.—Dallas 1965) and Fisher v. Howard, 389 S.W.2d 482 (Tex. Civ.App.—Dallas 1965); Southwestern Fire & Casualty Co. v. LaRue, supra.

Legal conclusions in affidavits opposing a motion for summary judgment are insufficient to create a fact issue where they are vague and indefinite and especially where there is evidence of material facts in the affidavits and other evidence introduced by the movant. Schull v. Lower Neches Valley Authority, 416 S.W.2d 505 (Tex.Civ.App.—Beaumont 1967). See Crain v. Davis, 417 S.W.2d 53 (Tex.Sup. 1967) on sufficiency of affidavits when tested for admissibility.

I would affirm the judgment of the trial court.