## MICARLEY MINING CO. et al. v. CARPENTER et al. (No. 2356.)

Court of Civil Appeals of Texas. El Paso.
Oct. 17, 1929.

Turney, Burges, Culwell & Pollard, of El Paso, for appellants.

R. F. Momsen, Knollenberg & Cameron, and Davis, Tittmann, Roche & Miranda, all of El Paso, for appellees.

PELPHREY, C. J. Don A. Carpenter sued the Micarley Mining Company in the county court at law of El Paso county, Tex., and sued out a writ of garnishment against the American Smelting & Refining Company. The original action resulted in a judgment in favor of appellee for $299.74.

The American Smelting & Refining Company, as garnishee, answered, denying any indebtedness to the Micarley Mining Company, but answering specially alleged that, prior to the service of the writ on it, it had received certain shipments of ore and concentrates from the Micarley Company; that the proceeds of said shipments were being held by it; that, prior to the receipt by it of said shipments of ore, it had been instructed to pay the proceeds thereof, except the royalty, to the Sour Lake State Bank.

Appellee contested the answer of garnishee, claiming that the assignment to the Sour Lake State Bank was fraudulent and in violation of the statutes of the state of New Mexico. The Sour Lake State Bank intervened, claiming to be the owner of the proceeds of the ore shipments by virtue of an

agreement with the Micarley Mining Company, and advancements made thereunder, and that such advancements were necessary to enable the mining company to continue operations.

The cause was tried before the court, and judgment was rendered in favor of appellee against the American Smelting & Refining Company for the amount of his judgment against the mining company and costs. The Sour Lake State Bank and the Micarley Mining Company have appealed.

## Opinion.

Appellants in their brief, present eight assignments of error and six propositions upon which they seek a reversal.

The propositions, in substance, are: (1) That the advances were made in good faith, and that the lien given on the ore is enforceable and prior to the rights of general creditors; (2) that the mining company, being a going concern and conducting its ordinary business, had a right to borrow money and pledge or convey the ore for the purpose of obtaining money to carry on its business; (3) the mining company being a going concern when the advances were received and the evidence not showing that the contract was made for the purpose of defrauding other creditors, the contract was valid; and (4) that the statutes of the state of New Mexico have no application.

The New Mexico statute (Code 1915, § 955) involved in the case reads:

"Sec. 72. Whenever any corporation shall become insolvent or shall suspend its ordinary business for want of funds to carry on the same, neither the directors nor any officer or agent of the corporation shall sell, convey, assign or transfer any of its estate, effects, choses in action, goods, chattels, rights or credits, lands or tenements; nor shall they or either of them make any such sale, conveyance, assignment or transfer in contemplation of insolvency, and every such sale, conveyance, assignment or transfer, shall be utterly null and void as against creditors:

"Provided, that a bona fide purchase for a valuable consideration, before the corporation shall have actually suspended its ordinary business, by any person without notice of such insolvency or of the sale being made in contemplation of insolvency, shall not be invalidated or impeached."

■ The general rule which seems to have been adopted by most of our states is: "Insolvency, when applied to a person, firm, or corporation engaged in trade, means inability to pay debts as they become due in the usual course of business." Words and Phrases, vol. 4, First Series, p. 3651.

Some of the states have adopted a different rule, but New Jersey, the state from which New Mexico took its above act, is one which has applied that definition, and New Mexico itself seems to have not only adopted the rule as applied by the New Jersey courts when it adopted the act, but also to have expressly done so. Department Store Co. v. Gauss-Langenberg Hat Co., 17 N. M. 112, 125 P. 614.

The United States Circuit Court of Appeals for the Eighth Circuit, in the case of Central Electric Co. v. Socorro Electric Co., 209 F. 534, in construing the very statute involved here, applied the rule. It is admitted in this case that the Micarley Mining Company had not been able to meet its bills from April or May, 1928, until the date of the contract; that their indebtedness at that time was about $6,000; and that the condition became worse until October, when their option on the property was canceled.

■ These facts, we think, show that it was insolvent as contemplated by the statute, and therefore any sale made to parties with notice of those facts would be void.

■ It also appears that F. H. Carpenter, president of the Sour Lake State Bank, and a brother of Miles Carpenter, secretary of the Micarley Mining Company, made a trip to New Mexico in September, 1928, for the purpose of looking over the property of the mining company, relative to financing the mining company; that he was apprized of the assets and liabilities and refused to finance the mine, but did enter into the contract which is here attacked.

These facts clearly show that he had notice of the insolvent condition, and therefore exclude him and his bank from the exception in the statute.

Finding no error in the record, the judgment of the trial court is affirmed.