**Pauline McCOLLUM, Appellant,**

v.

**PARKDALE STATE BANK, Appellee.**

**No. 1272.**

Court of Civil Appeals of Texas, Corpus Christi.

April 27, 1978.

Michael W. Williams, Corpus Christi, for appellant.

Robert D. Kilpatrick, Robert W. Johnson, Jr., Wood, Burney, Nesbitt & Ryan, Corpus Christi, for appellee.

## OPINION

YOUNG, Justice.

This is a summary judgment case. Plaintiff, Pauline McCollum, filed this suit against defendant, Parkdale State Bank seeking damages resulting from conversion of funds in a checking account. Parkdale State Bank counterclaimed for the balance due on a note and attorneys fees. Plaintiff appeals from an order granting defendant's motion for summary judgment as to both the suit for conversion and the counterclaim.

The summary judgment proof shows that on August 14, 1975, appellant, Pauline McCollum, executed and delivered to Parkdale State Bank a promissory note for

$2,305.92, secured by an automobile. The note was payable in 24 monthly installments of $96.08. The first installment was due on the 20th day of September, 1975, and each subsequent payment was due on the 20th day of each succeeding month until fully paid.

Subsequent to her execution of the note, appellant was injured at work and according to her petition: "was unable to generate an income to meet her financial obligations set out in the promissory note and security agreement."

The Bank contends in the affidavit supporting its motion for summary judgment that appellant made only one payment on the note, that payment being made on October 1, 1975, and that she thereafter made no other payments.

On February 26, 1976, the Bank repossessed appellant's car from an automobile repair shop, and incurred a $98.50 expense in extinguishing a mechanic's lien on the car. It should be here noted that the installment note herein provides "Borrower also agrees to pay the amounts actually incurred by the Lender as . . . the reasonable cost actually expended for repossessing . . . collateral." Thereafter, on March 11, 1976, the Bank offset $578.90 from appellant's checking account with the Bank.

Appellant, McCollum, filed this action on April 8, 1976, alleging wrongful conversion of her checking account. The Bank answered by general denial. On August 4, 1976, the Bank sold the repossessed automobile at private sale for $1300.00. Appellant subsequently amended her petition. The Bank then filed a motion for summary judgment without supporting affidavits or other proof. Appellant responded with an affidavit in opposition to the motion and the motion was denied on November 4, 1976.

On March 16, 1977, the Bank filed a counterclaim against appellant, McCollum, seeking judgment for the amount of deficiency on the note plus interest and attorney's fees. Appellant answered by general denial and asserted an affirmative defense that the car was sold in a commercially unreasonable manner. The Bank then moved for summary judgment, both upon appellant's cause of action and upon its counterclaim. The trial court granted the Bank's motion as to both causes, stating in its judgment that "after considering the affidavits, and exhibits, and argument of counsel [it] was of the opinion that there was no genuine issue of material fact."

Appellant, brings this appeal alleging two points of error. Appellant's first point reads: "The trial court erred in holding that plaintiff-appellant's second amended original petition be denied as a matter of law." Appellant's argument in support of her point asserts there are issues of fact relative to the two independent grounds upon which a bank may justify a set-off; which grounds are (1) when the depositor is insolvent, or (2) when the obligation is a past due obligation. *Holt's Sporting Goods Co. of Lubbock v. American National Bank of Amarillo*, 400 S.W.2d 943 (Tex.Civ.App. —Amarillo 1966, writ dism'd); *Baldwin v. Peoples National Bank of Tyler*, 327 S.W.2d 616, 619 (Tex.Civ.App.—Texarkana 1959, no writ). In this connection, the trial court impliedly held that there were no issues of fact as a matter of law on either of these grounds. See *Nesmith v. Hester*, 522 S.W.2d 605 (Tex.Civ.App.—Austin, 1975, no writ).

Appellant's entire treatment of the insolvency issue in her brief appears as follows: "Appellee never established as a fact that the Appellant was insolvent (nor could it have). Solvency or insolvency at a particular time is a question for the determination of the jury and the burden of proof is on the one alleging insolvency . . . (citations omitted)." We have some doubt as to whether the above argument fulfills the appellant's obligation to brief her point or her burden of showing that the proof is insufficient to establish as a matter of law the absence of an issue on insolvency. *Daniels v. Shop Rite Foods, Inc.*, 502 S.W.2d 894, 896 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n. r. e.); *Anderson v. Bormann*, 489 S.W.2d 945 (Tex.Civ.App.—San

Antonio 1973, writ ref'd n. r. e.). Even so, the briefing rules are to be given a liberal construction. *Inman v. Padrezas*, 540 S.W.2d 789 (Tex.Civ.App.—Corpus Christi, 1976, no writ); *Edwards v. Parker*, 438 S.W.2d 141 (Tex.Civ.App.—Dallas 1969, no writ). Consequently, we have considered the merits of appellant's contention. After reviewing the entire record, we find the proof insufficient to establish as a matter of law the absence of an issue on insolvency.

■ For purposes of set-off, insolvency is a debtor's failure or refusal to pay his debts in the due course of business. *First Nat. Bank of Wichita Falls v. Foley*, 26 S.W.2d 314 (Tex.Civ.App.—Amarillo 1930, writ ref'd); *Micarley Mining Co. v. Carpenter*, 21

S.W.2d 711 (Tex.Civ.App.—El Paso 1929, no writ); 9 C.J.S. Banks & Banking § 298 n. 11 (1938). In order to prove appellant's insolvency as a matter of law, the Bank relied solely on the affidavit of its assistant vice-president, William Redden, who stated in his affidavit signed March 28, 1977, that appellant had made only one $96.08 payment on the note and that no other payments were ever made. In this connection the trial court also considered the appellant's affidavit which was filed in opposition to appellee's first motion for summary judgment. That affidavit states that appellant had received a delinquency notice from the bank. A copy of the notice is attached to the affidavit and appears as follows:

```
PAST DUE NOTICE 05–06–76
PARKDALE STATE BANK PHONE 854–0251
4215 S STAPLES C.C. TEX 78411 AMOUNT DUE $93.66
PAYMENT DATE 05–01–76 ACCUMULATED FEES/INTEREST 24.00
ACCOUNT NUMBER 11024368 TOTAL AMOUNT DUE $117.66
```

YOUR CURRENT PAYMENT HAS NOT BEEN RECEIVED. IF FOR ANY REASON PAYMENT CANNOT BE MADE, PLEASE CONTACT US AT ONCE. IF PAYMENT HAS BEEN MADE, PLEASE DISREGARD THIS NOTICE.

```
MCCOLLUM PAULINE WLR
529 RALSTON
CORPUS CHRISTI TX 78404
```

Taken together, we find the affidavit of Redden, and the notice card raise an issue of fact as to which payments if any were missed by appellant, and accordingly, whether appellant was insolvent as a matter of law.

■ According to Redden's affidavit, a chart of the payments made, missed payments and balances due would appear as follows:

| DUE DATE | PAYMENT MADE | DATE | MISSED PAYMENTS |
|---|---|---|---|
| Sept. 20, 1975 | $96.08 | 10/1/75 | |
| Oct. 20, 1975 | | | 96.08 |
| Nov. 20, 1975 | | | 96.08 |
| Dec. 20, 1975 | | | 96.08 |
| Jan. 20, 1975 | | | 96.08 |
| Feb. 20, 1976 | | | 96.08 |
| | | Total | 480.50 |

In addition, on February 26, 1976, the Bank incurred an expense of $98.50 to release a mechanic's lien. Mr. Redden's affidavit is unclear as to how the Bank treated the $98.50 expenditure relative to the offset. His affidavit only states that the offset was "applied as a credit to the total indebtedness due and owing by Pauline McCollum." Assuming, arguendo, that the Bank used part of the offset to pay off the $98.50, then, appellant would have had no unpaid indebtedness on March 11, 1976, the date of the offset. According to the affidavit of Redden, the March and April payments, also, were not made. These would amount to $192.16 due and owing. On the contrary, the past due payment notice attached to appellant's affidavit stated that the "amount due" on May 1, 1976 was only $93.66 with an additional charge for accumulated fees and interest. There are several possible interpretations to give this inconsistency: one of which is that appellant did not miss as many payments as Redden contends, and another of which is that possibly there was not a past due indebtedness on the date of the setoff. It is our duty to view this evidence in the light most favorable to the nonmovant-appellant. *Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company*, 391 S.W.2d 41, 47 (Tex.Sup.1965). Guided by that rule, we find that the proof is not sufficient as a matter of law to show the absence of an issue of fact on insolvency.

 Conversely, the Bank contends that appellant's statement in her First Amended Original Petition that "she was unable to generate an income to meet her financial obligations set out in the promissory note and security agreement" amounts to a judicial admission of insolvency. We disagree. For a statement to constitute a judicial admission, it must be clear, deliberate and unequivocal. *Hedge v. Bryan*, 425 S.W.2d 866, 868 (Tex.Civ.App.—Tyler 1968, writ ref'd n. r. e.). The above statement does not necessarily mean that appellant did not make her payments. For example, she could have borrowed the money to make the payments.

Accordingly, we sustain appellant's challenge to the summary judgment on the issue of insolvency.

 Appellant's second argument essentially challenges the court's implied finding of past due indebtedness. The law is clear that a debt must be mature or, in other words, past due, before it will justify an offset. *Holt's Sporting Goods Co. of Lubbock v. American National Bank of Amarillo*, supra. In this regard, appellant appears to argue that the Bank had to accelerate the instant note in order to have sufficient matured indebtedness for the entire amount of the offset. Appellant contends that the notice card (set out in full above) raises an issue of fact as to whether the Bank accelerated the note. If we assume, arguendo, that the offset was not used to pay the $98.50 expense, then, only $480.40 (see chart above) represented matured indebtedness on the date of the offset and the Bank did, indeed, need to accelerate the note to afford sufficient indebtedness to justify the offset. See *Baldwin v. Peoples National Bank of Tyler*, supra. Thus, an issue of fact as to acceleration of the note is raised. Accordingly, for the reasons above and in our discussion of insolvency, we sustain appellant's point as to the court's implied finding of past due indebtedness and reverse the trial court's summary judgment as to appellant's cause of action for conversion.

 Appellant's second point of error states: "The trial court erred in holding that the appellee proved the cause of action set forth in its counterclaim as a matter of law." Appellant's only contention in the brief relative to the counterclaim is that the trial court could not grant counterclaimant's summary judgment because appellant pled an affirmative defense concerning whether the sale of her car was commercially reasonable. But appellant only pled the affirmative defense; she offered no summary judgment proof to support it. Pleading alone will not be regarded as summary judgment evidence. *Meyer v. Kupatt*, 549 S.W.2d 263 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n. r. e.). In a summary

judgment case, a nonmovant must come forward with some proof sufficient to raise at·least an issue of fact with respect to the affirmative defense. *Nichols v. Smith*, 507 S.W.2d 518, 520 (Tex.Sup.1974). Accordingly, appellant's second point is overruled.

In the instant case the suit for conversion and the counterclaim involved the same facts and similar issues which are so interwoven as to make it impracticable to try the case piecemeal. *Bates v. First National Bank of Waco*, 502 S.W.2d 181 (Tex. Civ.App.—Waco 1973, no writ); *Blume v. Weaver*, 412 S.W.2d 760 (Tex.Civ.App.— Eastland 1967, no writ); 4 Tex.Jur.2d Rev. Part 2, Appeal & Error § 908n 13 (1974); *Hamilton v. Herrin Transportation Company*, 343 S.W.2d 300, 303 (Tex.Civ.App.— Waco 1960, writ ref'd n. r. e.). For example both suits must be decided according to which payments, if any, were made.

Consequently, we reverse the entire judgment and remand both causes of action to the trial court for trial.