Gustavo E. **GONZALES**, Appellant,

v.

**PAN AMERICAN NATIONAL BANK**, Appellee.

No. 05–84–00512–CV.

Court of Appeals of Texas, Dallas.

April 11, 1985.

Lawrence L. Mealer, Dallas, for appellant.

John W. Hicks, Jr., Turner, Hitchins, Webb, Hicks & Wilson, Dallas, for appellee.

Before SPARLING, GUILLOT and HOWELL, JJ.

HOWELL, Justice.

Gustavo E. Gonzales appeals from a deficiency judgment on a secured debt and contends through two points of error that the judgment against him cannot stand because he did not sign a document that allegedly effected a substitution of collateral, and that the bank failed to show that the alternate collateral was of equal value. We hold that both claims are in the nature of confession and avoidance and cannot be considered because they were never pleaded.

On August 5, 1980, Jerry Navarro borrowed money from Pan American National Bank and executed a security agreement pledging a 1973 Mercury automobile and a 1958 Harley Davidson motorcycle as collateral. Appellant Gonzales also signed, apparently as an "accommodation co-maker." In June 1981, Navarro signed another contract with the bank relating to the same debt and describing the collateral as a 1972 Volvo and a 1976 Harley Davidson. Gonzales did not sign this latter agreement. In its pleadings, the Bank ambivalently sues upon both agreements, pleads for the foreclosure of the Volvo and the 1976 Harley Davidson and asks judgment for a deficiency. Appellant Gonzales maintains that a substitution of collateral occurred and that he was discharged from liability on the debt because the alleged substitution was without his consent.

The bank argues that Gonzales waived his defenses by failing to plead them. *See Manes Construction Co. v. Wallboard Coatings Co.*, 497 S.W.2d 334, 337 (Tex. Civ.App.—Houston [14th Dist.] 1973, no writ). We agree. "In pleading to a preceeding pleading, a party shall set forth affirmatively ... any ... matter constituting an avoidance or affirmative defense...." TEX.R.CIV.P. 94.

Affirmative defenses, as opposed to a defendant's denials, are the propositions which a defendant may assert and interpose to defeat a prima facie case made by the plaintiff. "They open the way for the defendant to introduce evidence which does not tend to rebut the factual propositions asserted in plaintiff's case, but which seeks to establish an independent reason why the plaintiff should not recover."

*Hays Consolidated Independent School District v. Valero Transmission Co.*, 645

S.W.2d 542, 546 (Tex.App.—Austin 1982, writ ref'd n.r.e.) (citation omitted). Gonzales does not seek to rebut the bank's prima facie case. The Bank having proved that the debt came into existence, a fact that Gonzales freely admitted, the burden shifted to him to show why he should not be required to pay. Even payment, by the express terms of the rule, is a defensive burden. The defenses asserted are in the nature of avoidance—reasons why he should not be required to pay a debt which he admits that he once contracted, and which debt he admits was never fully repaid. Clearly, the reasons he has advanced why he should not be required to pay are affirmative defenses that must be pleaded. "Defenses in avoidance are expressly made affirmative defenses by Texas Rules of Civil Procedure 94." *Seale v. Nichols*, 505 S.W.2d 251, 254 (Tex.1974).

Nor were the defenses tried by consent. Gonzales introduced no evidence at trial. In fact, the second agreement was not allowed in evidence pursuant to Gonzales' objection to its introduction. Also, the Bank objected to argument of appellant's defenses as outside the scope of the pleadings. Accordingly, we do not reach the merits as the defenses have been waived and nothing is presented for review.