Richard B. SCHULTZ, Appellant,

v.

GENERAL MOTORS ACCEPTANCE CORPORATION, Appellee.

No. 05–84–00726–CV.

Court of Appeals of Texas, Dallas.

Sept. 18, 1985.

---

John E. Humphreys, Dallas, for appellant.

Arch A. Beasley, Biggers, Beasley, Amerine & Earle, Dallas, for appellee.

Before AKIN, GUILLOT and HOWELL, JJ.

AKIN, Justice.

Richard Schultz appeals from a summary judgment rendered in a suit for the deficiency due on a secured debt. We hold that the trial court erred in granting summary judgment because appellee, General Motors Acceptance Corporation ("GMAC"), failed to establish its right to recover as a matter of law. Accordingly, we reverse the judgment of the trial court and remand the cause to that court.

In April 1978, Schultz purchased two highway truck tractors from a Chevrolet dealer under installment contracts. The contracts were then sold to GMAC. Schultz defaulted in April 1980, and in June surrendered the collateral pursuant to demand. GMAC re-sold the tractors for less than the balance due and sued Schultz for the deficiency. The trial court granted GMAC's motion for summary judgment.

On appeal Schultz contends that the trial court erred in granting summary judgment because GMAC failed to establish as a matter of law that its sale of the tractors was conducted in a commercially reasonable matter. We agree with this contention because the affidavit of Joe Jewett, Special Collections Manager for GMAC, is not sufficient to support a summary judgment.

Jewett's affidavit sets forth no facts concerning the sale, after foreclosure, of the tractors in question. Instead, the affidavit recites the legal conclusion that the tractors were disposed of "at public sale in conformity with reasonable commercial practices among dealers in this type industry in a commercially reasonable manner." A legal conclusion in an affidavit is insufficient to establish the existence of a fact in support of a motion for summary judgment. *Mercer v. Daoran Corp.*, 676 S.W.2d 580, 583 (Tex.1984). Thus, GMAC failed to establish by competent summary judgment evidence that the sale occurred in a commercially reasonable manner. Accordingly, the judgment of the trial court must be reversed and the cause remanded.

HOWELL, J., concurring.

HOWELL, Justice, concurring.

I concur in result only. I cannot subscribe to the majority opinion because it assumes rather than decides the key question: Who had the burden of proving a commercially reasonable sale? Obviously, if the lender had no burden, the fact that the summary judgment affidavit omitted all information as to the time, place and manner of sale is immaterial.

In addition to the affidavit discussed by the majority opinion, the record contains GMAC's answers to Schultz's interrogato-

ries. They reflect that GMAC later sold the tractors to itself at a "public sale" where the only bid received was made by GMAC, "who bid fair market value according to N.A.D.A. Bluebook."[1]

With its motion for summary judgment, GMAC filed the affidavit of its special collections manager, Joe Jewett. Jewett detailed the calculation of the deficiency and, with respect to the manner of the foreclosure sale, simply stated:

> Both tractors were repossessed by GMAC as the result of Defendant's default, and were subsequently disposed of at foreclosure sale on July 7, 1980, at public sale in conformity with reasonable commercial practices among dealers in this type industry in a commercially reasonable manner.

In his final point of error, appellant contends that the trial court erred in granting summary judgment because GMAC did not establish as a matter of law that the tractors were sold in a commercially reasonable manner. It is unnecessary to address the remainder of appellant's points. The Uniform Commercial Code provides that:

> (a) A secured party after default may sell, lease or otherwise dispose of any or all of the collateral in its then condition or following any commercially reasonable preparation or processing.
>
> . . . .
>
> (c) Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable.

TEX.BUS. & COM.CODE ANN. § 9.504(a) & (c) (Vernon Supp.1985).

Regardless of suggestions to the contrary,[2] the contention that the disposition was not made in a commercially reasonable manner is not an *affirmative* defense. *Aetna Finance Co. v. Ables,* 559 S.W.2d 139, 140 (Tex.Civ.App.—Fort Worth 1977, no writ) (quoting *Christian v. First National Bank of Weatherford,* 531 S.W.2d 832, 842 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n.r.e.).

When suit is brought on a promissory note and on most other unconditional written contracts for the payment of money, the only burden on the lender is to plead and prove the execution of the contract. While the lender customarily pleads offsets, credits and payments, he does so by way of limitation or admission, a statement of that portion of the original obligation for which he does not sue. He has no burden to prove any of them.[3] *Gonzales v. Pan-American National Bank,* 692 S.W.2d 111 (Tex.App.—Dallas, 1985, no writ).

However, the law decrees that no rule shall lack its exception. The exception here is that whenever a lender takes the debtor's property for application on the debt, the lender is burdened to account to the debtor for that which he voluntarily took to apply to the debt. The proposition is grounded in fundamental fairness, for the debtor is rarely present at the sale and is in no position to know if the property taken by the lender has been reasonably bargained away. If the lender sells the property for the benefit of the debtor, he must show that a fair amount was received. This is particularly true where the lender has "sold" to himself.

---

**1.** GMAC's answers to interrogatories must be discussed because they are discussed by both parties. The question whether a movant may rely upon his own answers to interrogatories as a part of his summary judgment proof is not reached.

**2.** *McCollum v. Parkdale State Bank,* 566 S.W.2d 670, 674 (Tex.Civ.App.—Corpus Christi 1978, no writ) (assumes without deciding that a commercially unreasonable disposition is an affirmative defense); *Siboney Corp. v. Chicago Pneumatic Tool Co.,* 572 S.W.2d 4, 7 (Tex.Civ.App.—Hous-

ton [1st Dist.] 1978, writ ref'd n.r.e.) (same effect); See *Ward v. First State Bank,* 605 S.W.2d 404, 407 n. 5 (Tex.Civ.App.—Amarillo 1980, writ ref'd n.r.e.) (citing *McCollum,* the court notes in dicta that "failure to dispose of collateral in a commercially reasonable manner has been treated as an affirmative defense").

**3.** No reference is being made to sworn accounts under TEX.R.CIV.P. 185. That rule has not been invoked either here or in the court below.

Thus, a debtor may present the claim of commercial unreasonableness at the trial even when pleading by general denial. *Aetna,* 559 S.W.2d at 140. The holding in *Aetna* was grounded on the premise that the creditor's plea that all offsets have been allowed "necessarily impl[ies] an obligation [of the secured party] to prove that the sale of collateral was made in a commercially reasonable manner."[4]

The ultimate question before this court "is whether the summary judgment proof *establishes as a matter of law that there is no genuine issue of fact* as to one or more of the essential elements of the plaintiff's cause of action." *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex. 1970) (emphasis in original).

Whether collateral has been sold in a commercially reasonable manner is generally a question of fact. *Food City, Inc., v. Fleming Cos.,* 590 S.W.2d 754, 759 (Tex. Civ.App.—San Antonio 1979, no writ).[5] In summary judgments, as in all litigation, the party having the burden must make out his case prima facie before placing the opponent upon his proof. Therefore, Schultz did not have a burden to file opposing affidavits to GMAC's motion until that motion was supported by adequate summary judgment proof. *Habern v. Commonwealth National Bank,* 479 S.W.2d 99, 101 (Tex.Civ.App.—Dallas 1972, no writ); *see Gibbs,* 450 S.W.2d 827. It is thus first necessary to evaluate GMAC's evidence of the commercial reasonableness of the sale of the collateral.

GMAC relies primarily on the Jewett affidavit. However, the question of whether a sale is commercially reasonable can only be resolved by the consideration of many factors. Thus, GMAC's statement that the tractor was sold in a commercially reasonable manner is simply conclusory.

> Affidavits supporting or opposing the motions [for summary judgment] must set forth such facts as would be admissible in evidence. They must be factual. Conclusions of the affiant *are not considered to have any probative value....* Summary judgment is proper only where it appears that only a question of law is involved and that there is no genuine issue of fact.

*Mobil Oil Corp. v. Matagorda County Drainage District Number 3,* 580 S.W.2d 634, 639 (Tex.Civ.App.—Corpus Christi 1979) *rev'd on other grounds,* 597 S.W.2d 910 (Tex.1980) (citations omitted). The conclusion in the Jewett affidavit is not proper summary judgment evidence. TEX.R. CIV.P. 166–A. It is without probative value; it is no evidence of whether the sale was commercially reasonable. *Mobil Oil,* 580 S.W.2d at 639; *Shearer v. Mitchell,* 418 S.W.2d 850, 857 (Tex.Civ.App.—Corpus Christi 1967, no writ).[6]

**4.** TEX.R.CIV.P. 94 places the burden on the debtor to show in the first instance that the lender has taken property for application on the debt. Where, as here, the lender so states in his pleadings, the debtor may meet his burden simply by pointing to his opponent's pleadings. In theory, in order to satisfy rule 94, the debtor should have the additional burden of demanding an accounting for that which was taken or of challenging the accounting given if the lender, following the usual course, has already pleaded a credit for the property taken. In the context of this case, it would appear that the debtor would have the burden of pleading the want of a commercially reasonable sale before the lender would be placed upon its burden of proving commercial reasonableness. The proposition need not be further explored because debtor Schultz did file pleadings, which were not excepted to, in which he alleged facts that, liberally construed in favor of the pleader, constitute an attack upon the commercial reason-

ableness of the sale. Lacking a special exception, the pleadings were sufficient to call upon GMAC to prove the commercial reasonableness of the sale.

**5.** The Code provides two instances where a sale is commercially reasonable as a matter of law: (1) a disposition approved in a judicial proceeding and (2) a disposition approved by any bona fide creditors' committee or representative of creditors. TEX.BUS. & COM.CODE § 9.507(b) (Vernon Supp.1985). The disposition before us does not fall into either of these categories.

**6.** The Jewett affidavit gives no indication of where, when or under what conditions the sale took place. Only in response to interrogatory did GMAC disclose that it had sold to itself, a fact of which this court should not be unmindful. If this affidavit is to be held sufficient, we would be facilitating lenders in suing for deficiencies without ever disclosing that the sales

The other pieces of information that we have about the sale—GMAC was the only bidder, "NADA Bluebook" price—also do not establish that the sale was commercially reasonable. The Code provides that the seller *may* buy the collateral at a private sale "if the collateral is of a type customarily sold in a recognized market or *is of a type which is the subject of widely distributed standard price quotations.*" TEX. BUS. & COM.CODE § 9.504(c) (Vernon Supp.1985) (emphasis added). However, there is no showing that "NADA Bluebook" is a widely distributed standard price list, or that this tractor is a type of collateral subject to widely distributed price quotations, or that the collateral is of the type customarily sold in a recognized market. Nor has it been shown that sale at the "NADA Bluebook" price is commercially reasonable.

Moreover, the Code only provides that a secured party *may* buy under these conditions *without rendering the sale commercially unreasonable.* GMAC would have us read this language on an absolute basis: A sale occurring under these circumstances is ipso facto commercially reasonable. Such is neither the language nor the intent of the statute. Even where the Code conditions apply, the question of commercial reasonableness remains open.

GMAC asserts in its affidavit that the sale was "public." If true, the more vigorous requirements of a private sale need not be met. However, Jewett's statement that the sale was public is inconsistent with the receipt of only one bid—GMAC's own. No other showing of the public nature of the sale, such as advertising or posting, nor the conduct of the sale in a public forum, is before us. Moreover, parallel to the private sales provision just discussed, the Code does no more than prevent a sale to the secured party at a public sale from rendering the disposition commercially unreasonable; it does not ipso facto make a purchase at a public sale by the secured party commercially reasonable.

upon which they rely were sales to themselves.

Lender GMAC urges that the borrower "made *no objection* ... to the form of the Affidavit" and cites TEX.REV.CIV.STAT. ANN. art. 166–A(e) providing: "Defects in the form of affidavits ... will not be grounds for reversal unless specifically pointed out by objection...." The contention cannot be sustained. The supreme court has twice rejected the sufficiency of conclusory affidavits since the above provision was added to the rule in 1978. *Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984) (conclusions in an opposing affidavit are ineffective); *Mercer v. Daoran Corp.,* 676 S.W.2d 580, 583 (Tex.1984) (conclusion in a movant's affidavit not effective). Neither case expressly considers the quoted portion of the rule nor discusses the particular objections of the opposite party. However, inasmuch as neither opinion implies that there was any objection before the trial court, it must be inferred that none were made. The simple fact is that conclusions have no probative force; a party need not object that an opponent's evidence has no probative force.

For the above reasons, I concur in the decision to reverse and remand.

This, we should be reluctant to do.