James R. FOLKES, Appellant,

v.

**DEL RIO BANK AND TRUST COMPANY, Appellee.**

No. 04–87–00374–CV.

Court of Appeals of Texas, San Antonio.

Feb. 17, 1988.

William C. Davidson, Jr., Austin, for appellant.

William J. Stroman, Del Rio, for appellee.

Before CANTU and REEVES, JJ., and GERALD T. BISSETT, Assigned Justice.

## OPINION

GERALD T. BISSETT, Assigned Justice.[*]

This is an appeal from a summary judgment in favor of the plaintiff, Del Rio Bank and Trust Company (the Bank), in a suit to collect the deficiency owing on a promissory note, which was executed by the defendants James R. Folkes, Thomas N. Sawyer and A.E. Harris, payable to the order of the Bank. Judgment was rendered for the Bank against the defendants, jointly and severally, in the amount of $112,038.42. Only James R. Folkes has appealed.

The note in question was executed by the defendants on October 29, 1979, payable to the order of the Bank, and was secured by a lien on a 1980 Piper Chieftan Navajo airplane. The defendants defaulted in making the monthly payments on this note, and the Bank foreclosed its lien on the airplane and sold it on April 26, 1986, at private sale for $115,000.00. The net proceeds from the sale ($102,287.47) were

---

[*] Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to TEX.GOV'T CODE ANN. § 74.003 (Vernon 1988).

credited on the note, and suit was filed by the Bank to collect the deficiency ($84,-357.32) and accrued interest due on the note. Folkes answered by filing a general denial. The Bank then filed a motion for summary judgment, which was set for hearing on April 16, 1987. Folkes, on April 15, 1986, filed a motion for leave to file his response "late" to the Bank's motion for summary judgment. The motion was denied and summary judgment was rendered for the Bank.

Folkes first contends that the trial court erred in denying him leave "to file late" a response to the Bank's motion for summary judgment. He argues that he made a good faith effort to timely file his response, and that the trial court's refusal to grant him leave to file such response was an abuse of discretion.

The motion for summary judgment was filed by the Bank on December 11, 1986. It was set for hearing on January 27, 1987. Folkes requested that the hearing be postponed and that it "not be re-set until after April 1, 1987." The trial court, following a telephone conference with all attorneys on March 3, 1987, re-set the hearing for April 16, 1987. Folkes urged as grounds for leave to file his response "late" the following: 1) his attorney did not receive a copy of the Bank's answers to interrogatories until March 12, 1987; 2) it was necessary to forward a copy of these answers to Folkes, who was living in Crested Butte, Colorado; 3) after the receipt of the interrogatories, it was necessary to investigate the value of the airplane which had been sold by the Bank; and 4) since Folkes lived in Colorado, it was difficult to accomplish all these matters "within twenty days."

Absent facts showing abuse of discretion, the trial court's ruling in this case must stand. *Barrera v. Sanchez*, 679 S.W. 2d 704 (Tex.Civ.App.—San Antonio 1984, no writ); *Rhodes v. City of Austin*, 584 S.W.2d 917 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.); *Chandler v. El Paso National Bank*, 589 S.W.2d 832 (Tex.Civ.App.—El Paso 1979, no writ).

■ Rule 166–A, TEX.R.CIV.P., provides that the adverse party (without leave of court) may file a written response or affidavits to the movant's motion for summary judgment no later than seven days prior to the date set for the hearing. That was not done in this case; Folkes attempted to file his response one day before the hearing. Under Rule 166–A, Folkes had from December 11, 1986 to April 9, 1987, more than three and one-half months within which to file his response. The fact that Folkes lived in Colorado, which required some time for communication between him and his attorney, in order for his attorney to prepare and file his response, is not sufficient for this Court to hold that the trial court abused its discretion in denying the motion for leave to file the response "late." The Bank's motion for summary judgment, together with the supporting affidavits and the answers of the Bank to the interrogatories propounded to it by Folkes, were mailed to counsel for Folkes within twenty-one days of the date set for the hearing on the motion for summary judgment, as prescribed by Rule 166–A. Counsel for Folkes asked for a continuance, which was granted. Counsel for Folkes requested that the hearing be re-set for some date "after April 1, 1987." That request was granted. Counsel for Folkes knew on March 3, 1987 that the hearing was scheduled for April 16, 1987. We hold that the trial court did not abuse its discretion in denying Folkes leave to file his response "late" to the Bank's motion for summary judgment.

Next, Folkes asserts that the trial court erred in granting summary judgment to the Bank because it "failed to prove that the sale of the collateral, an airplane, was conducted in a commercially reasonable manner." We do not agree. TEX.BUS. & COM.CODE ANN. § 9.504 (Vernon Supp. 1988), in pertinent part, provides:

(c) disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable ...

■ When the holder of a secured note has sold the collateral and has credited the net proceeds from the sale on the note, such holder, in order to obtain a deficiency judgment against the maker (debtor), has the burden of proving that the sale was made in a commercially reasonable manner. Once his case is made out, the burden then shifts to the debtor to show some reason for denying the holder (creditor) a recovery on his action. *Tarrant Savings Association v. Lucky Homes, Inc.*, 390 S.W.2d 473, 474 (Tex.1965); *STRA, Inc. v. Seafirst Commercial Corporation*, 727 S.W.2d 591, 594 (Tex.App.—Houston [1st Dist.] 1987, no writ); *Pruske v. National Bank of Commerce of San Antonio*, 533 S.W.2d 931, 935 (Tex.Civ.App.—San Antonio 1976, no writ).

Failure to dispose of the collateral by the creditor in a commercially reasonable manner has been treated as an affirmative defense in an action by the creditor to obtain a deficiency judgment against the debtor. *Ward v. First State Bank, Memphis*, 605 S.W.2d 404, 406–407 (Tex.Civ.App.—Amarillo 1980, writ ref'd n.r.e.); *McCollum v. Parkdale State Bank*, 566 S.W.2d 670, 674 (Tex.Civ.App.—Corpus Christi 1978, no writ). *STRA, Inc.*, 727 S.W.2d at 594.

Whether the manner of the disposition of collateral by the secured party is commercially reasonable is a question of fact. *Achimon v. J.I. Case Corporation*, 715 S.W.2d 73, 77 (Tex.App.—Dallas 1986, no writ); *Food City, Inc. v. Fleming Companies, Inc.*, 590 S.W.2d 754, 760 (Tex.Civ.App.—San Antonio 1979, no writ).

■ In order to sustain a summary judgment on appeal, the movant must show that he is entitled to judgment on the issues presented to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex. 1979). A response from the non-movant is not required in order for him to contend on appeal that the grounds presented to the trial court by the movant's motion are insufficient as a matter of law to support the summary judgment, but, the non-movant may not raise any other issues as grounds for reversal, and "with the exception of an attack on the legal sufficiency of the grounds raised by the movant in his motion for summary judgment, the non-movant must expressly present to the trial court any reasons seeking to avoid movant's entitlement ... and he must present summary proof when necessary to establish a fact issue ..." *City of Houston v. Clear Creek Basin Authority*, at 678.

Where the movant has demonstrated that it is entitled to a summary judgment as a matter of law, the non-movant has the burden of presenting by written response an affirmative defense to movant's motion and to also present summary judgment proof to show the existence of an issue of fact with respect to the asserted affirmative defense. *Oram v. General American Oil Company of America*, 513 S.W.2d 533, 534 (Tex.1974); *Nichols v. Smith;* 507 S.W.2d 518, 521 (Tex.1974); *Torres v. Western Casualty & Surety Co.*, 457 S.W.2d 50, 53 (Tex.1970); *Gulf, Colorado & Santa Fe Ry. v. McBride*, 159 Tex. 442, 322 S.W.2d 492 (1958).

The only summary judgment proof in this case is that which was presented by the bank in support of its motion for summary judgment. It consists of affidavits of Larry Chrisman, Executive Vice President of the Bank, William J. Stroman, attorney at law (relating to attorney's fees), answers to requests for admissions propounded by the Bank to each of the defendants, and answers to interrogatories propounded to the Bank of Folkes.

Folkes, in his response to requests for admissions, admitted the validity, execution and ownership of the promissory note. He further admitted that he granted a security interest in the airplane to the Bank; that he received notice prior to acceleration that the note would be accelerated if delinquent payments thereon were not paid; and that he did not tender any money to the Bank after receipt of such demand. He denied receiving notice that the Bank intended to conduct a private sale after April 10, 1986, in his response to Request No. 13, but in response to Request No. 14, he admitted

that he received the notice described in Request No. 13.

Mr. Chrisman, in his affidavit, stated:

Prior to filing this lawsuit against Defendants, Thomas N. Sawyer, A.E. Harris, and James R. Folkes, notice was given to each maker that the Del Rio Bank and Trust Company was accelerating the unpaid principal balance of this note and thereafter notice of intended disposition by private sale was given.

Del Rio Bank and Trust Company sold the collateral securing this note at a private sale for the sum of One Hundred Fifteen Thousand and No/100 ($115,-000.00) Dollars. The expenses of selling the aircraft which amounted to Twelve Thousand One Hundred Twenty Five and 53/100 ($12,125.53) Dollars were deducted from the proceeds. The sum of One Hundred Two Thousand Two Hundred Eighty Seven and 47/100 ($102,287.47) Dollars was then credited against the balance of said note owed by Defendants.

■ The Bank, in answer to the interrogatories propounded it by Folkes, stated: 1) that the airplane was sold by it on April 24, 1986, at private sale, to Finch Enterprises, Inc. for the sum of $115,000.00; 2) that, in advertising the sale of the airplane, it contacted Del Rio Flying Service, Inc. of Del Rio, Texas, and Nayak Aviation Company of San Antonio, Texas, and "other firms and individuals who deal in sales of aircraft," to assist it in the sale of the airplane; 3) that it, with the assistance of Del Rio Flying Service and Nayak Aviation Company, "solicited bids for the aircraft and sold the unit to the highest bidder;" and, 4) that neither it nor any of its officers or employees had any "relation or association" with the purchaser of the airplane.

Under the record here presented, the summary judgment evidence presented by the Bank in support of its motion conclusively shows that sale of the airplane was conducted in a commercially reasonable manner; that there is no dispute as to any material fact; and that the Bank is entitled to summary judgment as a matter of law. Folkes, as a result of the denial by the trial court of leave to file a response "late" to the Bank's motion for summary judgment, is in the position of not having presented an affirmative defense to the Bank's motion for summary judgment, and of having offered "no summary judgment proof to meet the burden imposed on him to show the existence of a genuine issue as to a material fact." *Town North National Bank v. Broaddus*, 569 S.W.2d 489, 494 (Tex.1978). Consequently, the trial court properly granted summary judgment in favor of the Bank. Both of Folkes' points of error have been considered and they are overruled.

The judgment of the trial court is affirmed.