IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-195-CV





MARY BAER WATKINS,



 APPELLANT


vs.





HAMMERMAN & GAINER,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT



NO. 461,539-A, HONORABLE HUME COFER, JUDGE PRESIDING



 




 Appellant, Mary Baer Watkins, was allegedly injured in
the course and scope of her employment with Armstrong Moving and
Storage of El Paso. She filed a worker's compensation claim
against Armstrong, which had worker's compensation coverage through
Transit Casualty Company. On October 1, 1986, Watkins settled her
claim through a Compromise Settlement Agreement ("CSA") with
Transit which provided for Transit to pay a cash settlement, and
Watkins' injury-related medical expenses for three years. Watkins
sued appellee, Hammerman & Gainer ("H & G"), the State Board of
Insurance, Transit Casualty Company in Receivership, and
Constitution State Service Company, alleging that her medical bills
were not paid and that she was denied necessary surgery. Watkins
alleged that H & G, in its capacity as claims adjuster, violated
the Texas Deceptive Trade Practice--Consumer Protection Act
("DTPA") and Texas Insurance Code by representing that the
insurance carrier would pay for three additional years' of medical
expenses. See Tex. Bus. & Com. Code Ann. § 17.41 et seq. (1987 &
Supp. 1991); Tex. Ins. Code Ann. art. 21.21 § 16 (a) (Supp. 1991). 
The trial court granted H & G's summary judgment motion and severed
the action against H & G from the action against the other
defendants. Watkins appeals the summary judgment. We will reverse
the judgment and remand the cause to the trial court.

 The crux of Watkins' cause of action against H & G is
that, in the negotiations leading up to the CSA, H & G represented
that the insurance carrier would pay for the three additional years
of medical expenses. Watkins pleaded that H & G's representations
violated the DTPA by:



Causing confusion or misunderstanding as to the source, 
sponsorship, approval or certification of services;


Representing that services had sponsorship, approval,
characteristics, uses or benefits which they did not
have;


Representing that the agreement conferred or involved
rights, remedies or obligations which it did not have or
involve;


Failing to disclose information concerning coverage which
was known at the time of the transaction when the failure
to disclose was intended to induce Plaintiff into a
transaction she would not have entered into had the
information been disclosed. 



See DTPA § 17.46 (b)(2),(5),(12),(23). These alleged violations of
§ 17.46 of the DTPA are also the basis for Watkins' cause of action
under the Tex. Ins. Code Ann. art. 21.21, § 16(a) (Supp. 1991).

 In order to recover on the merits, Watkins must establish
each element of her causes of action. To affirm appellee's summary
judgment, the summary judgment proof in the record must establish
as a matter of law that there was no genuine issue of a material
fact as to at least one essential element of each cause of action. 
Gibbs v. General Motors Corp., 450 S.W.2d 827, 828 (Tex. 1970);
Manoogian v. Lake Forest Corp. 652 S.W.2d 816, 818 (Tex. App. 1983,
writ ref'd n.r.e.). On review of a summary judgment, this Court
will determine whether the movant has shown that there is no
genuine issue of material fact and that it was entitled to judgment
as a matter of law. Nixon v. Mr. Property Management, Co., 690
S.W.2d 546, 548 (Tex. 1985). We must take as true all evidence
favoring the non-movant and indulge every reasonable inference and
resolve every doubt in her favor. Nixon, 690 S.W.2d at 548-49. 

 H & G asserted three independent bases for its motion for
summary judgment: (1)



(A) H & G acted solely as Transit's agent during the
negotiation of the CSA.


(B) H & G is not connected to any alleged breaches of
the CSA following its execution.


(C) Watkins' claim is barred by the doctrine of merger.



 Because the summary judgment order in the present cause
does not state the specific grounds on which it was granted,
Watkins must defeat each of the independent arguments alleged in
the motion. See Hittner & Liberato, Summary Judgments in Texas, 20
St. Mary's L.J. 243, 282 (1989). On appeal, Watkins contends that
the trial court erred in granting a take-nothing summary judgment
because H & G raised defenses that would apply in a contract suit
but not in a DTPA action for misrepresentation. Specifically, she
argues that (1) a finding that H & G acted solely as an agent for
its principal would not preclude its own individual liability under
the DTPA, see Weitzel v. Barnes, 691 S.W.2d 598, 601 (Tex. 1985);
and (2) a finding that H & G was not connected to the breach of the
CSA would not dispose of Watkins' DTPA claims because the DTPA does
not require a breach of contract to establish liability. See DTPA
§ 17.46(b).

 We will not address the merits of these arguments,
however, because H & G's summary judgment proof failed to establish
conclusive facts from which we can determine, as a matter of law,
either that H & G was acting solely as an agent or that H & G was
not connected in any way to the breach of the CSA. H & G's only
summary judgment proof in support of its motion consisted of the
affidavit of Tony Cordova, its employee who executed the CSA. 
Cordova asserted that: (1) H & G acted solely as an agent for
Trans-Protection Service Company in negotiating the CSA; (2) H & G
has not been involved in any way in decisions regarding the payment
of medical bills under the agreement; and (3) H & G was not
responsible for the payment of Watkins' medical bills. 

 As the employee who allegedly made the misrepresentations
leading to this attempt to impose liability on his employer, H & G,
Cordova is clearly an interested witness. A summary judgment may
rest solely on the testimonial evidence of an interested witness if
that evidence is uncontroverted, clear, positive, credible, free
from contradictions and inconsistencies, and could have been
readily controverted. Tex. R. Civ. P. Ann. 166a (c) (Supp. 1991). 
In the present cause, Cordova's testimony regarding agency and H &
G's connection with any breach of the CSA failed to meet several
requirements for competent summary judgment proof. Rule 166a
requires that "affidavits shall be made on personal knowledge,
shall set forth such facts as would be admissible in evidence, and
shall show affirmatively that the affiant is competent to testify
to the matters stated therein." Tex. R. Civ. P. Ann. 166a (f)
(Supp. 1991). Cordova's affidavit identifies him as a claims
representative. He fails to explain how he obtained the knowledge
on which he based his conclusions and there is no proof that he is
competent to make the conclusions he did.

 An affidavit must set forth facts, not legal conclusions. 
Beta Supply, Inc. v. G.E.A. Power Cooling Sys., Inc., 748 S.W.2d
541, 542 (Tex. App. 1988, writ denied); Hittner & Liberato, supra
at 261. See also Schultz v. General Motors Acceptance Corp., 704
S.W.2d 797, 798 (Tex. App. 1985, no writ) (affidavit reciting that
collateral was disposed of "at public sale in conformity with
reasonable commercial practices . . . in a commercially reasonable
manner," in the absence of facts concerning the sale, recited only
legal conclusion, precluding summary judgment). Cordova's
affidavit contains several legal conclusions: "H & G acted as the
agent of Trans-Protection Service Company"; "H & G undertook no
obligations under this contract; it acted solely as representative
of Trans-Protection Service Company, the party in privity."

 Similarly, the Cordova affidavit fails to establish that
H & G was not connected in any way with the breach of the CSA. 
Although he asserts that H & G was not involved, he does not
explain how he acquired that knowledge or upon what facts he based
his conclusion. He concludes that Trans-Protection Service Company
is the party in privity with Watkins, but that company is not named
as a responsible party in the CSA.

 Watkins' summary judgment proof raises issues of fact as
to H & G's involvement, which H & G failed to disprove. The
uncontroverted summary judgment proof showed that Tony Cordova of
H & G executed the CSA on behalf of Transit Casualty Insurance
Company, Allied Van Lines, and James T. Odiorne, Ancillary
Receiver. The record contains evidence that H & G forwarded
Watkins' medical bills to Trans-Protection Service Company but no
evidence that it forwarded the bills to any party identified in the
CSA. There is also no evidence that H & G informed any health care
provider that H & G was not the right party to bill or that they
ever notified any health care provider of who was responsible for
paying the bills. Thus, Cordova's affidavit fails to establish, as
a matter of law, that H & G had no connection to the asserted
breach of contract.

 H & G also moved for summary judgment on the basis that
the doctrine of merger barred Watkins' claim; merger is
inapplicable to the present cause. The doctrine provides that, in
all contracts, any prior stipulation between the parties is merged
into the final and formal contract they execute. Baker v. Baker,
207 S.W.2d 244, 249 (Tex. Civ. App. 1947, writ ref'd n.r.e.). In
general, however, common law defenses cannot defeat a DTPA claim. 
Smith v. Baldwin, 611 S.W.2d 611, 616 (Tex. 1980) (DTPA does not
represent a codification of the common law; its primary purpose is
to provide consumers a cause of action for deceptive trade
practices without the numerous defenses available in a common law
fraud or breach of warranty suit). See also Alvarado v. Bolton,
749 S.W.2d 47, 48 (Tex. 1988) (doctrine of merger may not be
applied to defeat a cause of action under the DTPA for breach of an
express warranty made in an earnest money contract and breached by
deed). 

 In any event, the merger argument is inapposite in this
cause because Watkins complains of oral representations that were
incorporated into the CSA. Merger may apply when oral
representations are at variance with written agreements, but the
oral representations in the present cause do not vary the terms of
the written agreement. Thus, the doctrine of merger does not
dispose of Watkins' contentions that the oral representations made
by H & G were false.

 H & G failed to establish as a matter of law its
entitlement to summary judgment by conclusively negating one or
more of the elements of Watkins' causes of action under either the
DTPA or the Insurance Code. See Clear Creek Basin Auth., 589
S.W.2d at 678; State v. American Legion Post No. 58, 611 S.W.2d
720, 723 (Tex. App. 1981, no writ). Thus, the summary judgment was
improper.


 We reverse the judgment of the trial court and remand the
cause for trial. 



 

 Marilyn Aboussie, Justice

[Before Justices Powers, Aboussie and Kidd; Justice Powers

 not participating]

Reversed and Remanded

Filed: August 28, 1991

[Publish] [Do Not Publish]
1. H & G argued in its trial and appellate briefs that
additional grounds entitled it to summary judgment, but failed to
raise the other grounds in its motion for summary judgment. The
judgment must stand or fall on the grounds expressly alleged in the
motion. Tex. R. Civ. P. Ann. 166a (c) (Supp. 1991). See also City
of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 675 (Tex.
1979); Dhillon v. General Acc. Ins. Co., 789 S.W.2d 293, 295 (Tex.
App. 1990, no writ).